**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>1. KAVON LONDON GRANT;<br>2. DEANDRE DONTRELL WILSON;<br>3. KEITH JONES;<br>4. DAVID BRIAN LINDSEY;<br>5. ASA HOUSTON;<br>6. DURK BANKS,<br><br>　　　　　Defendants. | Case No. CR 24-621-MWF<br><br>***BRADY* DISCLOSURE ORDER** |

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the government to produce to the Defendants in a timely manner all such information or evidence.

///

1  Information or evidence may be favorable to a defendant's case if it either may
2  help bolster the defendant's case or impeach a prosecutor's witness or other
3  government evidence.  If doubt exists, it should be resolved in favor of the
4  Defendant(s) with full disclosure being made.

5  If the government believes that a required disclosure would compromise
6  witness safety, victim rights, national security, a sensitive law-enforcement technique,
7  or any other substantial government interest, the government may apply to the Court
8  for a modification of the requirements of this Disclosure Order, which may include *in*
9  *camera* review and/or withholding or subjecting to a protective order all or part of the
10  information.

11  This Disclosure Order is entered under Rule 5(f) and does not relieve any party
12  in this matter of any other discovery obligation.  The consequences for violating either
13  this Disclosure Order or the government's obligations under *Brady* include, but are
14  not limited to, the following:  contempt, sanction, referral to disciplinary authority,
15  adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in
16  this Disclosure Order enlarges or diminishes the government's obligation to disclose
17  information and evidence to a defendant under *Brady*, as interpreted and applied under
18  Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the
19  government violates the Constitution's Due Process Clause 'if it withholds evidence
20  that is favorable to the defense and material to the defendant's guilt or punishment.'"
21  *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565
22  U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

Dated:  November 18, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge

-2-