E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorneys
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   gregory.staples@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(A)-MWF-2,4,5,6 |
|---|---|
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND PROTECTED WITNESS INFORMATION AS TO DEFENDANTS DURK BANKS, DEANDRE DONTRELL WILSON, DAVID BRIAN LINDSEY, and ASA HOUSTON |
| v. | |
| DURK BANKS, DEANDRE DONTRELL WILSON, DAVID BRIAN LINDSEY, and ASA HOUSTON, | |
| Defendants. | |

        Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, and defendants DURK BANKS, DEANDRE DONTRELL WILSON, DAVID BRIAN LINDSEY, and ASA HOUSTON, by and through their counsel (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed

protective order (the "Protective Order"), filed concurrently, governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, and (4) information related to protected witnesses who may testify at trial.

<u>Introduction and Grounds for Protective Order</u>

1.    The government represents that based on its understanding of the discovery in this case, a protective order is necessary in this case.  The government incorporates the allegations of the First Superseding Indictment into its representation that the discovery requires a protective order in this case.[1]

2.    Based on the allegations in the First Superseding Indictment and the government's understanding of discovery in this case, the government alleges that there are significant safety concerns regarding disclosure of names and personal identifying information of victims, witnesses, and defendants themselves in this matter.

3.    Discovery in this matter contains the following types of information:

a.    Digital devices searched by warrant or consent.  In many cases, defendants will receive digital data from devices that did not belong to them.  To protect the privacy of the owners of the digital devices, including witnesses, the digital devices or digital

---

[1] Signature by any defense counsel on this stipulation does not imply any admission of the truth of any of the allegations in the First Superseding Indictment; no defendant waives any challenge to any of these allegations in any way by this stipulation.

data should not be provided to defendants other than for review in the presence of a member of the Defense Team.

b.    Autopsy related documents, including medical records and graphic photographs, including of violent crime victims.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  To protect the privacy interests implicated by these photographs and medical records, these should not be provided to defendants other than for review in the presence of a member of the Defense Team.

c.    Audio/video recordings, written summaries of statements, and transcripts of statements made by witnesses to and victims of violent events including murder.  Such documents and recordings often contain the personal identifying information of protected witnesses, and the unrestricted release of such items would endanger the safety of those individuals.

d.    Audio/video recordings, written summaries of statements, and transcripts of any statements made by defendants to law enforcement.  Such documents and recordings will reveal which, if any, defendants have spoken to law enforcement at any time, and will endanger those defendants' safety.

e.    Surveillance videos of violent events including murder and law enforcement reports about such events.  To protect the legitimate privacy interests of the victims, and prevent the use of such items for intimidation purposes, these should not be provided to defendants other than for review in the presence of a member of the Defense Team.

4.    To ensure that information concerning victims, witnesses, and defendants is not disseminated or used by persons who might wish to intimidate or harm victims, witnesses, or defendants, and also to do so in a manner that ensures defendants' rights to prepare an effective defense, the parties respectfully request entry of a protective order for discovery in this case.

5.    Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6.    A protective order is appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.  See Fed. R. Crim. P. 16 advisory committee's notes to 1974 amendments.

7.    In determining whether a protective order is appropriate, courts consider such factors as the safety of witnesses and others and the danger of witness intimidation.  See Fed. R. Crim. P. 16 advisory committee's notes to 1966 amendments.

8.    The government asserts that the record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of information concerning victims, witnesses, and defendants in this case, as further described below, and to grant such relief as is necessary to ensure the confidentiality of that information.

9.    A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an

4

ongoing obligation to protect third parties' PII, the government cannot produce to defendants an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

10.  An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

11.  The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

a.  "Protected Witness Materials" includes any information relating to any protected witness's prior history of

5

assistance with law enforcement, prior criminal history, statements, or any other information that could be used to identify a protected witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number, or discovery containing statements made by defendants to law enforcement that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts.

b.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c.   "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number.

d.   "Confidential Information" refers to any document or information containing Protected Witness Materials, PII Materials, or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.   "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team

does not include defendants, defendants' family members, or any other associates of defendants.

f.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

g.    If a defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendants' objection, defendants may apply to the Court to have the designation removed.

h.    Defendants and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

i.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

j.    Notwithstanding the paragraph above, defendants may see and review Protected Witness Materials only in the presence of defense counsel or a designated person (as defined below), and defense counsel shall ensure that defendants are never left alone with any Protected Witness Materials.  At the conclusion of any

meeting with defendants at which defendants are permitted to view
Protected Witness Materials, defendants must return any Protected
Witness Materials to defense counsel, who shall take all such
materials with counsel.  Defendants may not take any Protected
Witness Materials out of the room in which defendants are meeting
with defense counsel.  At no time, under no circumstance, will any
Confidential Information be left in the possession, custody, or
control of defendants, regardless of defendants' custody status.  If
defense counsel wishes to enable defendants to review Protected
Witness Materials in the presence of any person on the Defense Team
other than defense counsel, defense counsel shall submit a letter to
government counsel of record identifying that person (the
"designated person"), and shall submit a copy of this stipulation
that has been signed by that designated person.  Upon receipt of
those materials, if the government, in its sole discretion, finds
the designated person acceptable, prior to the designated person
reviewing any Protected Witness Materials with defendants,
government counsel of record will confirm in writing that defendants
are additionally allowed to review Protected Witness Information in
the presence of the designated person.

        k.    Defendants may review other Confidential Information
(i.e., Confidential Information that is not Protected Witness
Material) only in the presence of a member of the Defense Team, who
shall ensure that defendants are never left alone with such
materials.  At the conclusion of any meeting with defendants at
which defendants are permitted to view such materials, defendants
must return such materials to the Defense Team, and the member of
the Defense Team present shall take all such materials with him or

her.  Defendants may not take any such materials out of the room in which defendants are meeting with the Defense Team.

l.    Defendants may see and review Confidential Information as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendants also may not write down or memorialize any data or information contained in the Confidential Information.

m.    The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any Protected Witness Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if other Confidential Information (i.e., Confidential Information that is not Protected Witness Material) is being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information.

n.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not

permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Protected Witness Materials shall not be left unattended in any vehicle.

o.    To the extent that the Defense Team create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

p.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Protected Witness Materials, PII Materials, or Medical Materials, and make all reasonable attempts to limit the divulging of Protected Witness Materials, PII Materials, or Medical Materials.

q.    Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If

Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

r.  If any Confidential Information contains both Protected Witness Materials and another category of Confidential Information, the information shall be handled in accordance with the Protected Witness Materials provisions of the Protective Order.

s.  Confidential Information shall not be used by defendants or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protected Witness Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all other Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

t.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense

counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to an Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all other Confidential Information (i.e., Confidential Material that is not Protected Witness Material); and (2) returning to the government or certifying the destruction of all Protected Witness Materials.

u.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

v.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

////

////

////

////

1          w.    Accordingly, the parties have agreed to request that

2   the Court enter a protective order in the form submitted herewith.

3        IT IS SO STIPULATED.

4   DATED: December 9, 2024              _____/s/_____

                                        IAN V. YANNIELLO
5                                       GREGORY W. STAPLES
                                        DANIEL H. WEINER
6                                       Assistant United States Attorneys

7
                                        Attorneys for Plaintiff
8                                       UNITED STATES OF AMERICA

9

10  DATED: December 9, 2024              _/s/ per email authorization_

                                        DREW FINDLING
11                                      MARISSA GOLDBERG
                                        JONATHAN BRAYMAN
12                                      CHRISTY O'CONNOR
                                        Attorney for Defendant
13                                      DURK BANKS

14

15

16  DATED: December 9, 2024              _/s/ per email authorization_

                                        DANIEL NARDONI
17                                      Attorney for Defendant
                                        DEANDRE DONTRELL WILSON
18

19

20  DATED: December 9, 2024              _/s/ per email authorization_

                                        SIMON AVAL
21                                      Attorney for Defendant
                                        DAVID BRIAN LINDSEY
22

23

24  DATED: December 9, 2024              _/s/ per email authorization_

                                        VITALY SIGAL
25                                      Attorney for Defendant
                                        ASA HOUSTON
26

27

28

                                    13