DREW FINDLING
MARISSA GOLDBERG
The Findling Law Farm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com

JONATHAN M. BRAYMAN
Breen & Pugh
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 360-1001
Email: jbrayman@breenpughlaw.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>     v.<br><br>DURK BANKS,<br><br>            Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DURK BANKS' MEMORANDUM IN SUPPORT OF HIS REQUEST FOR PRETRIAL RELEASE ON CONDITIONS** |

Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Jonathan M. Brayman, and Christy O'Connor, hereby files this memorandum in support of his request for pretrial release on conditions.

Mr. Banks, a devoted husband, father, and son, as well as an internationally-renowned musician and recording artist, should be granted pretrial release on reasonable conditions that include the following: (1) a bond secured, partially or in full, by $2.3 million in equity in two homes in Georgia and $1 million in cash tendered by Sony Music; (2) home

1 | detention with electronic monitoring; (3) around-the-clock security services ensuring
2 | compliance with all conditions imposed by this Court; (4) reporting to Pretrial Services;
3 | and (5) additional third-party sureties and guarantors to satisfy a bond amount that the
4 | Court determines to be reasonable under 18 U.S.C. § 3142.

                                      Respectfully submitted,

DATED:  December 12, 2024      By  /s/ Jonathan M. Brayman

                                      *One of the Attorneys for Durk Banks*

**MEMORANDUM IN SUPPORT OF DURK BANKS'
REQUEST FOR PRETRIAL RELEASE ON CONDITIONS**

**I.      Introduction.**

Durk Banks is a devoted father, husband, and son, as well an internationally-renowned musician and recording artist. Especially in the last decade of his life, he has demonstrated a genuine resolve to publicly advocate for improving underserved communities and stopping the violence in those communities. Due to the strength of his character, individuals from Mr. Banks' professional and personal life have lined up to support him in this matter.[1]

Mr. Banks has been temporarily detained since his arrest on October 24, 2024 and is scheduled for a detention hearing this afternoon at 2:00 p.m. Given Mr. Banks' history and characteristics, including a documented track record of full compliance with conditions of pretrial release on a previous case in Fulton County, Georgia a few years ago; that his friends, family, and colleagues are willing to act as sureties and guarantors on any bond that the Court sets; that he is offering unencumbered real property worth more than $2M; that Sony Music will tender $1 million in cash in support of a bond; that Mr. Banks has a history of gainful employment and residence in the Central District of California—this Court should grant him pretrial release on conditions.

**II.     Legal Background.**

Under the Bail Reform Act, the Court must release Mr. Banks under "the least restrictive…condition or combination of conditions that…will reasonably assure" his appearance and the safety of the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (summarizing 18 U.S.C. § 3142(c)(2)(B)). In order to detain a defendant prior to trial, the government bears the burden of proof in showing that a defendant poses a flight risk or a danger to the community. Risk of flight must be proven by a

---

[1] The defense will submit for the Court's *in camera* review documentation supporting Mr. Banks' proposed conditions of pretrial release. The defense has previously provided notice to the Government of its proposal for conditions of pretrial release, which the Government opposes.

3

preponderance of the evidence. *United States v. Jones*, 804 F. Supp. 1081, 1088 (S.D. Ind. 1992). Alternatively, danger to the community must be proven by clear and convincing evidence. *United States v. Salerno*, 481 U.S. 739, 750 (1987).

Because the indictment charges Mr. Banks with an offense under 18 U.S.C. § 924(c) for which a maximum term of imprisonment of 10 years or more is prescribed, there is a presumption of detention under § 3142(e)(3)(B). (*See* Dkt. 35, Govt's Notice of Request for Detention). The presumption is a rebuttable one. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The defendant bears only a burden of production at any detention hearing; the government alone bears the burden of persuasion. *Id*. And to detain based on danger to the community the standard must be met by "clear and convincing evidence." §3142(f)(2)(B). In making its determination, the Court considers the factors identified in section 3142(g), including the nature of the offense, the weight of the evidence (the least important factor), the defendant's history and characteristics including family and community ties and employment, and the nature and seriousness of danger to any person in the community posed by the defendant's release. *Id*.

### III. The Statutory Factors Favor Release.

Mr. Banks was born and raised in the Englewood neighborhood of Chicago, Illinois, but he has resided in the Central District of California for much of the past several years. He plans to live in Los Angeles if the Court deems release appropriate. Mr. Banks' music and industry relationships brought him to Los Angeles a few years ago, after which he ultimately made the Los Angeles area his primary residence. While Mr. Banks' music career provided him with the opportunity to move his family out of Chicago, it also provided him the ability to grow into an international superstar regularly traveling across the United States and around the world performing, recording music, and participating in public and community-based events including through his non-profit organization Neighborhood Heroes, a 501(c)(3) non-profit organization Mr. Banks founded in 2020.

For example, as Judge Kevin M. Farmer previously remarked, in granting Mr. Banks' expansion of his conditions of release on his previous state court matter in Fulton County, Georgia, "[Mr. Banks] is an artist and performs at concerts throughout the United States and overseas to earn his income." Mr. Banks, on that prior case, proved to the Court, the prosecution, and the community that he could comply with conditions of pretrial release and court orders. Due to his full compliance with the conditions of release, which originally included a GPS monitor, a curfew, and a prohibition on contact with witnesses, the Court gradually expanded and eased the conditions of pretrial release, up until the time that the State of Georgia announced their intention to decline to prosecute the matter and asked the Court to dismiss the case against Mr. Banks. The best determiner of how an individual will act in the future is how they behaved in the past, and Mr. Banks has shown that he respects the orders of the Court and has been an ideal candidate for pretrial release.

Additionally, it is because his community of support has such exceptional faith in Mr. Banks that they are willing to stake so much on his bond. Several sureties and guarantors from both Mr. Banks' personal and professional life have agreed to assist in satisfying any reasonable bond that this Court may set. Notably, Sony Music, an internationally-respected corporation, has agreed to tender $1 million in cash. In addition, Mr. Banks offers to the Court significant security by way of pledging two Georgia homes that are unencumbered and worth $2.3 million combined. Mr. Banks' mother, LaShawnda Woodard, lives in one of the two homes with her family. That she is willing to put her home on the line speaks volumes.

### IV. Conclusion.

WHEREFORE, Defendant Durk Banks respectfully requests this Court release him on conditions pending trial.

Respectfully submitted,

/s/ Jonathan M. Brayman