**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS,<br><br>Defendant. | Case No.  2:24-cr-00621-MWF - 6<br><br>**ORDER OF DETENTION** |

On November 14, 2024, Defendant Durk Banks made his initial appearance on the first superseding indictment filed in this matter.  At Defendant's request, the detention hearing was continued to December 12, 2024.  A detention hearing was held on December 12, 2024.

At the hearing, the government proffered the Complaint, the First Superseding Indictment, the Government's Brief In Support Of Pretrial Detention for Defendant Durk Banks and Exhibits 1 and 2 attached thereto, and the Pretrial Services Report and its recommendation of detention based on danger to the community.   Defendant proffered documents reflecting that he has obtained a monthly lease at a property located in this district, that he

has engaged a full-time, bonded and insured security company (the specifics of which were provided to the Court), that he is a highly successful musical artist signed to Alamo Records, a subsidiary of Sony Entertainment, that he has significant assets (a detailed accounting of which was provided to United States Probation and Pretrial Services), that two houses he owns have a combined appraised equity of $2.3 million (supporting documentation provided), which he is willing to post as collateral to secure his release, and that multiple third-party guarantors (including Alamo Records) are willing to support his release with cash and property.  Defendant also proffered a 2023 Annual Report of Neighborhood Heroes Foundation, a nonprofit organization founded by Defendant to make positive change in the lives of those within under-resourced neighborhoods across the country and a copy of an eTicket Itinerary and Receipt in his name for flights on United Airlines on October 24 and 25, 2024 from Newark to Zurich and then from Zurich to Dubai, and a declaration of Justin Gibson regarding a January 25, 2022 recording session with Defendant.

  The Court reviewed and considered all of these materials and the arguments of counsel.

  ☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a crime of violence.

  ☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense with maximum sentence of life imprisonment or death.

  ☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

  The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably

assure the defendant's appearance as required and the safety of any other person and the community [18 U.S.C. § 3142(e)(2)].

The Court finds that the Defendant has presented evidence sufficient to rebut the § 3142(e)(2) presumption, but after considering the presumption, the factors set forth in 18 U.S.C. § 3142(g), and all of the information and argument presented at the detention hearing, the Court concludes that the Defendant must be detained pending trial because the government has proven:

☒ by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

In addition to findings made on the record at the hearing, the reasons for detention include the following:

On August 18, 2022, Defendant allegedly texted a co-conspirator with instructions not to book flights to California under a name involved with Defendant. *See* First Superseding Indictment, Dkt. No. 27 at 7. On October 24, 2024, shortly after the co-conspirators were arrested and multiple search warrants were executed in this case, the FBI received notices that Defendant had been booked as a passenger on two commercial international flights departing that day, neither of which he boarded, and that he had booked as a passenger on a private plane departing Miami that same day and destined for Italy. *See* Complaint, Dkt. No. 1, at ¶¶ 9, 17. At the hearing, Defendant's counsel offered the itinerary and receipt for one of those flights. This evidence supports the inference that Defendant, who has considerable

resources, attempted to leave the United States upon learning of the arrests of his co-conspirators.

Defendant formed Only the Family ("OTF"), which in addition to producing and selling hip hop music, is also alleged to be an association-in-fact of individuals who engaged in murder and assault at Defendant's direction and to maintain their status in OTF. *See* First Superseding Indictment at ¶ 1. In this case, Defendant is alleged to have orchestrated and funded a murder plot in which his co-conspirators, acting at Defendant's direction, traveled to Los Angeles, tracked, stalked, and attempted to kill Defendant's intended target by gunfire, including a fully automatic firearm, in broad daylight in a busy Los Angeles intersection, and did kill a family member of the target who was traveling with him. Id. at ¶¶ 1-6 and Counts One through Four; Complaint at ¶¶ 4-17. In a separate matter in Chicago, Defendant is alleged to have engaged in similar conduct, that is he "offer[ed] money for people to kill those responsible for his brother's murder, and more specifically, offering to pay money for any Gangster Disciple that is killed." Dkt. No. 105-1 at ¶ 19, Ex. 1 to Government's Brief. The material proffered by the government supports the conclusion that Defendant uses his money, influence and power to endanger individuals whom he perceives as a threat.

It is therefore ORDERED that Defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant

to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  *See* 18 U.S.C. § 3142(i).

Dated: December 16, 2024

                     PATRICIA DONAHUE
                     _____
                     PATRICIA DONAHUE
                     UNITED STATES MAGISTRATE JUDGE