E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:    ian.yanniello@usdoj.gov
                gregory.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(A)-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DURK BANKS, aka "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," KEITH JONES, aka "Flacka," DAVID BRIAN LINDSEY, aka "Browneyez," and ASA HOUSTON, aka "Boogie," | DEFENDANTS BANKS and WILSON<br><br>**CURRENT TRIAL DATES:** 01/07/2025<br>**PROPOSED TRIAL DATE:** 10/14/2025<br><br>DEFENDANTS GRANT, JONES, LINDSEY, AND HOUSTON<br><br>**CURRENT TRIAL DATES:** 01/14/2025<br>**PROPOSED TRIAL DATE:** 10/14/2025 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Stapes, and Daniel H. Weiner, and defendant DURK BANKS ("defendant BANKS"), both individually and by and through his counsel of record, Drew Findling, Marissa Goldberg, Jonathan Brayman, and Christy O'Connor; defendant KAVON LONDON GRANT ("defendant GRANT"), both individually and by and through his counsel of record, Peter Swarth; defendant DEANDRE DONTRELL WILSON ("defendant WILSON"), both individually and by and through his counsel of record, Daniel Nardoni; defendant KEITH JONES ("defendant JONES"), both individually and by and through his counsel of record, Damon Cheronis; defendant DAVID BRIAN LINDSEY ("defendant LINDSEY"), both individually and by and through his counsel of record, Simon Aval; and defendant ASA HOUSTON ("defendant HOUSTON"), both individually and by and through his counsel of record, Vitaly Sigal,[1] hereby stipulate as follows:

1.   The First Superseding Indictment in this case was filed on November 7, 2024. Defendant BANKS first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025. Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally

---

[1] After receiving a signed stipulation from all other defendants, the government was informed by counsel for defendant HOUSTON that defendant HOUSTON objects to a continuance of the trial date. The government respectfully submits that there is good cause to continue the trial date as to all defendants, including defendant HOUSTON, pursuant to 18 U.S.C. § 3161(h)(6), because the time period of January 14, 2025 to October 14, 2025, inclusive, constitutes a reasonable period of delay for defendant HOUSTON, who is joined for trial with the stipulating defendants as to whom the time for trial has not run and no motion for severance has been granted.

required that the trial commence on or before January 24, 2025. Defendants GRANT and HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025.  Defendants JONES and LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025.

    2.   On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025.  On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025.  On November 21, 2024, for defendants GRANT and HOUSTON, the Court set a trial date of January 14, 2025.  On November 22, 2024, for defendants JONES and LINDSEY, the Court set a trial date of January 14, 2025.

    3.   All defendants are detained pending trial.  The parties estimate that the trial in this matter will last approximately 14 days.  All defendants are joined for trial and a severance has not been granted.

    4.   By this stipulation, the parties move to continue the trial date to October 14, 2025, and to set the following briefing schedule for all motions other than motions *in limine*: a motions hearing date of August 11, 2025; motions to be filed by June 30, 2025; oppositions to such motions to be filed by July 14, 2025; and any reply briefs to be filed on or before July 28, 2025.

    5.   This is the first request for a continuance.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. All defendants are charged with violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death; and 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such Firearms, in Furtherance of a Crime of Violence, Resulting in Death. Defendant JONES is also charged with a violation of 18 U.S.C. § 922(o): Possession of a Machinegun. The government is in the process of producing discovery to the defense, which includes, among other things, approximately 230 GB of digital evidence such as audio/video recordings and surveillance footage, and approximately 20,000 pages of reports concerning murder and other violent acts, photographs, witness statements, and medical documents.

    b. Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery that will be produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

    c. Defense counsel represent that they have various substantive obligations which necessitate the continuance of the trial to October 14, 2025. The list of obligations for defense counsel is attached hereto as Appendix A and is incorporated as if fully set forth herein.

      d.  In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e.  Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      f.  The government does not object to the continuance.

      g.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.  For purposes of computing the date under the Speedy Trial Act by which defendants BANKS' and WILSON's trial must commence, the parties agree that the time period of January 7, 2025 to October 14, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in

a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that for defendants BANKS and WILSON the time period of January 7, 2025 to October 14, 2025, inclusive, and for defendants GRANT, JONES, LINDSEY, and HOUSTON, the time period of January 14, 2025 to October 14, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits

established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 31, 2024           Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   LINDSEY GREER DOTSON
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                         /s/
                                   IAN V. YANNIELLO
                                   GREGORY W. STAPLES
                                   DANIEL H. WEINER

                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

1     I am DURK BANKS' attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than October 14, 2025 is an
7 informed and voluntary one.

8 *[signature]*      12/24/24
9 DREW FINDLING      Date
   MARISSA GOLDBERG
10 JONATHAN BRAYMAN
   CHRISTY O'CONNOR
11 Attorney for Defendant
   DURK BANKS

13

14     I have read this stipulation and have carefully discussed it
15 with my attorney. I understand my Speedy Trial rights. I
16 voluntarily agree to the continuance of the trial date, and give up
17 my right to be brought to trial earlier than October 14, 2025.

18 X *[signature]*      12/24/24
   DURK BANKS      Date
19 Defendant

I am KAVON LONDON GRANT's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 14, 2025 is an informed and voluntary one.

_____   12/24/2024
PETER SWARTH                Date
Attorney for Defendant
KAVON LONDON GRANT

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 14, 2025.

_____   12-24-24
KAVON LONDON GRANT           Date
Defendant

I am DEANDRE DONTRELL WILSON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 14, 2025 is an informed and voluntary one.

_____   12-20-24
DANIEL NARDONI                    Date
Attorney for Defendant
DEANDRE DONTRELL WILSON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 14, 2025.

_____   12/20/24
DEANDRE DONTRELL WILSON            Date
Defendant

1    I am KEITH JONES' attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than October 14, 2025 is an
7 informed and voluntary one.

_____     \_\_12/20/24_____
DAMON CHERONIS                          Date
Attorney for Defendant
KEITH JONES

12   I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than October 14, 2025.

\_\_\_\_by DMC Keith Jones_____     \_\_12/27/24_____
KEITH JONES                             Date
Defendant

11

I am DAVID BRIAN LINDSEY's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 14, 2025 is an informed and voluntary one.

*/s/ Simon Aval*                                12/17/24

SIMON AVAL                                     Date
Attorney for Defendant
DAVID BRIAN LINDSEY

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 14, 2025.

*/s/ David Lindsey*                             12/17/24

DAVID BRIAN LINDSEY                            Date
Defendant

# APPENDIX A

Case 2:24-cr-00621-MWF   Document 121   Filed 12/31/24   Page 13 of 16   Page ID #:710

**Counsel for Defendant Banks:**

*Christy O'Connor:*

    United States v. Kevin Ontiveros, Case No. 23-cr-00411(A)-HDV; Violation of 18 U.S.C. § 1959 (Violent Crime in Aid of Racketeering); Trial date July 15, 2025; Trial estimate 30 days.

*Marissa Goldberg:*

    United States v. Tyquan Watson, 4:24-cr-00003 N.D. Florida, 4 defendant jury trial, 2/11/25

*Drew Findling and Marissa Goldberg:*

    United States v. Del Entertainment, et al., CR 22-267-MEMF, 3/17/25, Jury Trial

*Jonathan Brayman*:

    1.  Jan 21-Jan 29, 2025: People v. Javon Almond, No. 18CR-0881402 (state first-degree murder case in Cook County, Ill.)

    2.  April 14-23, 2025: USA v. David Winchell, No. 2:22CR-0096 (federal drug trafficking trial in ND Ind.)

    3.  May 19-30, 2025: USA v. Paul DeLong, No. 20CR-211 (federal drug and money laundering conspiracy case in N.D. Ill.)

    4.  June 10-July 3, 2025: USA v. Chong Phu, 5:24-cr-146-R (federal drug and money laundering conspiracy case in W.D. Okla.)

    5.  Oct 6-10, 2025: USA v. Tony Bell, No. 22CR-110 (federal fraud case in N.D. Ill.)

    6.  Dec 15-23, 2025: USA v. James Colucci, No. 22CR-269 (federal honest services and bribery case in N.D. Ill.)

**Counsel for Defendant Grant:**

    1.  US v Rundo, 18-cr-758-JLS-2, (Robert Boman), trial set to begin 2/18/25, conspiracy to riot, expected to last 3 days.

    1.  US v Emilio Herrera, 24-cr-390-SVW-1, (Emilio Herrera), trial set to begin 2/25/25, armed robbery, expected to last 3 days.

1

2. US v Valencia, 24-cr-204-SSS-4, (Leodegario Salazar-Suastegui), trial set to begin 3/31/25, contract for murder, expected to last 1 week.

3. US v Oscar Vargas Garcia, 24-cr-38-FWS-1, (Oscar Vargas Garcia), trial set to begin 4/15/25, narcotics/guns, expected to last 2 weeks.

4. US v. Bazan, 20-cr-19-CJC-23 (Carlton Young), trial set to begin 7/14/25, narcotics conspiracy, expected to last 2 weeks

5. US v Felix Starnes, 23-cr-167-JWH-8 (Ricardo Moreno Gonzalez), trial set to begin 8/4/25, narcotics conspiracy, expected to last 15 days.

6. US v Haviland, 24-cr-570-WLH-41, (Elmer Villtoro), trial set to begin 2/24/26, narcotics conspiracy, expected to last 21 days

**Counsel for Defendant Wilson:**

1. US v. Lerma, 18-172(A)-GW (JV Gonzalez), murder and RICO, expected to last 5 weeks, set to begin on 2/25/2025.

2. People v. Efrain Ramirez, BA432701-01, murder, expected to last 4 weeks, set to begin in late May 2025.

3. US v. Claire Haviland, 24-570-WLH, a 69-defendant RICO trial, set to begin on 11/25/2025.

**Counsel for Defendant Jones:**

1. People v. John Powers IV, 24CR6020301, expected to last 2 days, set to begin 1/23/25

2. People v. David Soto, 24DV0701101, expected to last 1 day, set to begin 2/10/25

3. US v. Johnny Montgomery, 22-cr-576, expected to last 1 week, set to begin 2/28/25

4. US v. David Winchell, 22-cr-96, expected to last 1 week, set to begin 4/14/25

5. US v. David Lira, 23-cr-54, expected to last 2 weeks, set to begin 7/14/25

6. US v. Raymon Paparella, expected to last 1 to 2 weeks, set to begin 10/20/25

**Counsel for Defendant Lindsey:**

1. People v. Jonathan Johnson, Case No. VA 151153, a single defendant Special Circumstances Murder Trial (Death Penalty is not sought by the Government). Trial is set to begin

2

on January 7, 2025. This Jury Trial is estimated to last 3 Weeks. Defendant is alleged to have been the driver and a shooter during a drive-by shooting where two men were killed. No further continuances are expected.

2. People v. Jorge Ramirez, Case No. VA 150980, a multi-defendant Murder case. Trial is set to begin in February of 2025 and is estimated to last 3 weeks. Defendant is accused of First-Degree Murder using a firearm. It is unknown at this time whether the parties will seek a continuance.

3. People v. Kayelynn Bearden, Case No. NA118311, a single defendant case where the defendant is charged with Attempted Murder and facing life imprisonment. Trial is set to begin in March 2025 and is estimated to last 3 weeks. No further continuances are expected.

4. United States v. Juan Manuel Quiroz Jimenez, Case No. 2:24-00369-SPG, a multi-defendant Drug Distribution Trial is set to begin on May 6, 2025, and is expected to last approximately 3 weeks.

5. People v. James Salinas, Case No. BA499975, a multi-defendant Double Murder case. Trial is set to begin in June of 2025 and is estimated to last 4 weeks. It is unknown at this time whether the parties will seek a continuance.

6. People v. Luis Ventura, Case No. BA516784, a multi-defendant Double Murder case. Trial is set to begin in July of 2025 and is estimated to last 4 weeks. It is unknown at this time whether the parties will seek a continuance.

7. United States v. Miguel Barajas, Case No. 2:24-00471-MWF, a multi-defendant Money Laundering and Fraud Trial is set to begin on August 19, 2025, and is expected to last approximately 3 weeks.