DREW FINDLING (GA. BAR NO. 260425)
MARISSA GOLDBERG (GA. BAR NO. 672798)
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

JONATHAN M. BRAYMAN (IL. BAR NO. 6302461)
Breen & Pugh
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 360-1001
Email: jbrayman@breenpughlaw.com

CHRISTY O'CONNOR (CA Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>DURK BANKS,<br><br>    Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' REPLY IN SUPPORT OF HIS APPLICATION FOR RECONSIDERATION OF DETENTION ORDER** |

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Jonathan M. Brayman, and Christy O'Connor, hereby files this reply in support of his application for reconsideration of the detention order in this matter.

1  This reply is based on the attached memorandum of points and authorities, the files
2  and records in this case, and such further evidence and argument as the Court deems
3  appropriate.

Respectfully submitted,

Dated: May 6, 2025        BY:   /s/ *Marissa Goldberg*
                                Drew Findling
                                Marissa Goldberg
                                Jonathan M. Brayman
                                Christy O'Connor
                                *Attorneys for Durk Banks*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

On December 12, 2024, this Court held a detention hearing and ultimately ordered that Mr. Banks be detained based on two factors: danger and flight risk. 18 U.S.C. 3142(g). On the issue of danger, the court relied primarily on facts presented in the First Superseding Indictment. Doc. 124 at 44. The issue of flight risk, this Court admitted, was a "closer call." *Id*. As the Court is aware, the Probation Department assessed that Mr. Banks was not a flight risk, but did recommend detention based on dangerousness.

Since that hearing, the landscape has shifted. On May 1, 2025 the government filed a Second Superseding Indictment which removed two major allegations from the First Superseding Indictment. First, it removed the allegation that Mr. Banks' song lyrics somehow glorified the murder of S.R.; and second, it removed the allegation that Mr. Banks directed others to pay or be paid a "bounty" for the murder. Importantly, the government returned to the grand jury and sought this Second Superseding Indictment after, and apparently in response to, Mr. Banks filing his Motion to Dismiss the Indictment (Doc. 135) and his Application for Reconsideration of the Detention Order (Docs. 136-138). In essence, the government effectively conceded Mr. Bank's central argument in his Application for Reconsideration (Doc. 136): that the government presented false and/or misleading information about Mr. Banks to the grand jury and to this Court concerning critical factual allegations.

In its response and supplemental filing, the government downplays these changes as immaterial and underserving of this Court's consideration. However, as detailed below, they are both appropriate and of great import in this Court's review of the statutory factors for release. With the issues of the lyrics and the payout of a "bounty" altogether abandoned, what remains of the indictment is a weak patchwork of unsupported and non-specific allegations against Mr. Banks. This watered-down new indictment, coupled with the robust bond package proposed here, tips the balance in favor of Mr. Banks' release pending trial.

3

## II. **Argument**

### a. <u>The Weight of the Evidence Has Changed Since the Initial Detention Order.</u>

18 USC § 3142(g)(2) requires that the Court look at the weight of the evidence against a person to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. With the new indictment in mind, the alleged weight of the evidence against Mr. Banks is significantly weaker.

First, the Second Superseding Indictment removed Paragraph 6 of the "Introductory Allegations" in the First Superseding Indictment, which relied on lyrics from a song to allege that Mr. Banks was somehow celebrating or commercially glorifying the death of S.R. This was a hotly contested issue at the detention hearing. With the Second Superseding Indictment, the government has now conceded the issue entirely – despite the fact that it took up a significant portion of the detention hearing. To be clear, the inclusion of the now-removed portion referencing song lyrics was more than "immaterial" fluff in the First Superseding Indictment. The government absolutely intended that section to illustrate direct involvement in the alleged murder-for-hire and more importantly, the knowledge of Mr. Banks of the alleged offense through some sort of musical confession. The government has now been proven wrong and has removed the reference, substantially depreciating the weight of the allegations.

Of equal or even greater import, the Second Superseding Indictment removed Paragraph 9 of the original indictment, which alleged that Mr. Banks directed others to pay a "bounty" for the killing of S.R. This material change also significantly impacts the Court's calculation, as this Court in the initial detention hearing specifically cited the government's allegation that Banks exercised control of others and that other people acted at his direction to find dangerousness. Doc. 124 at 43-44 ("...[A]lthough the allegations are not that the defendant personally pulled the trigger, the allegations are that the defendant exercised a significant amount of control over other individuals and that

those individuals were acting at his direction."). Now, with the payment of the "bounty" allegation withdrawn from the indictment, the foundation for this Court's conclusions has been materially undercut. Outside of the allegations in the new indictment, the government can only point to ambiguous and insubstantial pieces of "evidence" – i.e., one singular text message subject to a variety of interpretations alleged to have been sent by Mr. Banks. No other specific or direct evidence has been provided to date – including any evidence showing Mr. Banks' alleged "control" of others the government continually refers to in the previous indictments and in their arguments before this Court. The bulk of the government's contentions include its own proffered generalizations that seemingly come from an informant whose veracity and credibility has never been subject to challenge, to support the false notion that Mr. Banks is or ever has been a danger.

While it is true that the Second Superseding Indictment also added an additional charge of stalking, the addition is immaterial to the question of detention as the allegation already existed in the First Superseding Indictment. See Doc. 27 at 3. No new allegations are contained in the stalking charge of the Second Superseding Indictment.

      b. <u>Reasonable Conditions Exist to Secure the Safety of the Community and to Assuage any Concern Regarding Risk of Flight.</u>

Mr. Banks has filed a robust bond package which outlines a variety of conditions to secure the safety of the community and ensure that Mr. Banks complies with all conditions imposed by this Court. One of the conditions that Mr. Banks proposed was the use of a 24/7 licensed security company. This Court expressed concern that the "the presence of a security company providing security for the defendant is not going to address the significant concerns with regard to the safety of the community here . . . [because] [t]he security company would be acting at the direction and under the guidance of the defendant." Doc. 124 at 44. The government argued that the security would be present for the physical protection of Mr. Banks. Doc. 124 at 40.

To clarify, the purpose of the security company, detailed in the bond package, would be to enforce the terms and conditions of *the bond set by this Court*. Specifically,

if there is an order regarding curfew or home confinement, the security company would serve as a prophylactic measure to ensure Mr. Banks' compliance with those conditions. Put another way, the security company would be beholden to this Court – not Mr. Banks (though he would be the one footing the bill). Both Mr. Banks and the security company are well aware of this agreement and will provide a specific plan regarding the line of communication to the Court and/or Pretrial Services if the Court allows release. With this check in place, Mr. Banks poses no danger to the community or of fleeing the jurisdiction, as noncompliance would trigger the immediate alert of the Court.

### III. Conclusion

WHEREFORE, based on the change of circumstances created by the Second Superseding Indictment, as well as the significant bond package that includes stringent conditions that would properly rebut the presumption that he is a danger or a flight risk, Mr. Banks respectfully requests this Court release him on conditions pending trial.