BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorneys
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:    ian.yanniello@usdoj.gov
               greg.staples@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF-6 |
|---|---|
| Plaintiff, | SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO DEFENDANT BANKS' MOTION TO DISMISS INDICTMENT |
| v. | |
| DURK BANKS,<br>  aka "Lil Durk,"<br>  aka "Mustafa Abdul Malak,"<br>  aka "Blood," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, hereby files a supplement to its opposition to defendant Banks' motion to dismiss the First Superseding Indictment.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 29, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Since defendant's Motion to Dismiss the First Superseding Indictment ("FSI") was filed, a Second Superseding Indictment ("SSI") has been returned that charges defendant and his co-conspirators with the additional crime of stalking resulting in death and removed the introductory paragraph related to defendant's lyrics about greenlighting a murder --- the sole basis for defendant's motion. As defendant must, he concedes the SSI moots his motion to dismiss and his request for grand jury materials under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). (Dkt. 166 at 1.) Defendant, however, changes course in his reply brief and attempts to manufacture a new basis to pierce grand jury secrecy: defendant claims the grand jury transcripts *may be relevant* for impeachment and/or trial preparation. (Id. at 2 ("Disclosure will therefore bear on the merits of pretrial motions and trial defenses alike").) Defendant's new arguments further show his request is a speculative fishing expedition, which Supreme Court and Ninth Circuit law clearly prohibit. The motion should be denied.

## I. DEFENDANT'S NEW ARGUMENTS DO NOT ESTABLISH A "PARTICULARIZED NEED"

As set forth in the government's opposition, the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. United States v. Douglas Oil, 441 U.S. 211, 218-19 (1979). The burden is on the party seeking disclosure to show that "a particularized need" exists for the materials that outweighs the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). Defendant's new arguments based on his need to prepare for trial fail to satisfy this heavy burden.

1

1    The Supreme Court has made clear that a defendant's general
2 desire to prepare for trial is insufficient to pierce grand jury
3 secrecy.  See United States v. Procter & Gamble Co., 356 U.S. 677,
4 682-84 (1958).  But that is precisely what defendant seeks to do
5 here.  Defendant asserts that he is entitled now under Rule
6 6(e)(3)(E)(i) to any grand jury testimony referencing the
7 introductory allegation in the FSI concerning lyrics to one of
8 defendant's songs because it "will expose[] a fundamental bias that
9 has tainted every stage of the investigation and prosecution of this
10 case," and that "disclosure will therefore bear on the merits of
11 pretrial motions and trial defenses alike."  (Dkt. 166 at 2.)
12   Accordingly, on its face, defendant's request to disclose grand
13 jury transcripts to assist with his trial preparation fails to amount
14 to a "particularized need" that outweighs the need to maintain grand
15 jury secrecy.  See, e.g. Proctor & Gamble Co., 356 U.S. at 682-84
16 (overruling district court's disclosure of grand jury materials for
17 the purposes of trial preparation); Reisman v. United States, 409
18 F.2d 789, 792 (9th Cir. 1969) (rejecting defendant's request to "re-
19 examine" whether Rule 6 should permit disclosure of grand jury
20 materials for "adequate trial preparation"); United States v.
21 Barreiro, 2015 WL 7734139, at *6 (N.D. Cal. Dec. 1, 2015) (trial
22 preparation "insufficient to show that Defendants had a
23 'particularized need' for the production of grand jury testimony that
24 outweighs the secrecy of grand jury proceedings"); United States v.
25 Taylor, 2022 WL 17585255, at *4 (E.D. Ky. Dec. 12, 2022) (same);
26 United States v. Ferguson, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012)
27 (same while noting "it is difficult to imagine what need could be
28

more general than a need to prepare for trial"). Indeed, requiring disclosure of grand jury testimony on grounds advanced by defendant would nullify the safeguards for grand jury secrecy, as every criminal defendant could make a similar claim.

Likewise, defendant's assertion that he meets the "particularized need" standard because he faces a "certain" injustice if he were "forced to litigate this case without access to impeachment materials that are known to exist by the defense", fails on multiple grounds. (Dkt. 166 at 3-4.) While "the need to impeach testimony or refresh recollection at trial *can* establish a particularized need for disclosure of grand jury transcripts," United States v. Fischbach & Moore, Inc., 776 F.2d 839, 845 (9th Cir. 1985) (emphasis added), speculative assertions that a witness may be impeached by grand jury testimony falls well short of justifying a breach to grand jury secrecy, see United States v. Hollis, 210 F.3d 386, 386 (9th Cir. 2000) (unpublished) ("sweeping assertion, without more, fails to establish the existence of such a need in this case and that disclosure will not compromise the integrity of the grand jury process"). This is particularly true when no witness has yet to testify at trial, coupled with the government's statutory and constitutional obligations to comply with Giglio and the Jencks Act prior to and during trial. See, e.g., In re Grand Jury Testimony, 832 F.2d 60, 62-63 (5th Cir. 1987) (bald assertions of need to use grand jury testimony to impeach or to refresh recollection are not sufficient unless a party can point to actual inconsistencies or inability to recall); Barreiro, 2015 WL 7734139, at *6 (N.D. Cal. Dec. 1, 2015) (rejecting request for grand jury testimony, noting

3

that "the government must still produce this evidence if necessary to comply with the Jencks Act," Brady, and Giglio).

Defendant does not credibly dispute this binding authority and instead relies on cases that have no bearing here. In Dennis v. United States, 384 U.S. 855 (1966), for example, the Supreme Court found a "particularized need" for grand jury disclosure *after key witnesses had testified at trial*, including one who "admitted on cross-examination that he had in earlier statements been mistaken about significant dates." (Id. at 870-71.) Indeed, the Ninth Circuit has held that "Dennis does not sanction across the board fishing expeditions by defense counsel who, under the Jencks Act [] are entitled to the pretrial statements of Government witnesses at the time of trial." United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978). Defendant's reliance on United States v. Reid, 477 F. Supp. 3d 1174 (W.D. Wash. 2020), is similarly inapplicable, as the case involved an exception to grand jury secrecy --- Rule 6(e)(3)(E)(ii), see id. at 1185 --- that defendant has already conceded does not apply, Dkt. 166 at 1.[1]

---

[1] Reid is also factually inapplicable. There, a defendant was prosecuted for perjury and obstruction of justice for giving false testimony before a grand jury. Before the defendant testified, the prosecutor incorrectly instructed the defendant about the order compelling her testimony, stating she had "been compelled under this order to incriminate yourself, to implicate yourself." (Reid, 477 F. Supp. at 1181-82.) After finding the prosecutor was "wrong," the court determined there was a "particularized need for limited, in camera disclosure" of grand jury materials to ensure the error did not "substantially influence[] the grand jury's decision to indict" or to establish whether there was "grave doubt that the decision to indict was free from the substantial influence." (Id. at 1182, 1185-86.) Unlike Reid, the return of the SSI --- which does not reference any of defendant's rap lyrics --- categorically proves the disputed lyrics had no bearing on the grand jury's decision to indict defendant Banks.

4

Moreover, defendant's insistence that "it is a certainty (not mere speculation) that the government presented false evidence to the grand jury," (Dkt. 166 at 2), is misplaced.  While defendant may believe that a grand jury witness mis-attributed defendant's lyrics to S.R.'s murder, rather than sanctioning other violence, it is speculation that any false information was presented to the grand jury.[2]

## II. DEFENDANT'S REQUEST DOES NOT OUTWEIGH THE CONTINUED NEED FOR SECRECY

Because defendant's request for grand jury materials to prepare for trial fails to demonstrate a "particularized need" for disclosure, it cannot outweigh the continued need for secrecy in this case.  While defendant may seek to minimize the ongoing need for secrecy in this case, the government maintains (as it explained in its opposition) that preserving the grand jury's well-established secrecy and independence is paramount in this case where there have already been attempts to threaten witnesses.  (Dkt. 161 at 13.)  As the Ninth Circuit explained in reversing a district court's order for

---

[2] Defendant's argument is essentially that he could not have been "rapping about his revenge on T.B. with music that explicitly referenced audio from a news clip taken shortly after S.R.'s murder" because defendant --- according to declarations he obtained *after he was indicted* --- claims the song was written before S.R.'s death.  Even assuming defendant wrote these lyrics about greenlighting a murder before S.R.'s death, he does not credibly dispute any of the following facts, all of which existed at the time the FSI was returned: that S.R. was murdered on August 19, 2022; that news footage taken shortly after S.R.'s death shows T.B. screaming "no" multiple times; the rap song referenced in the FSI was released after S.R.'s murder; and the lyrics in the FSI state "look on the news and see your son, you screamin' 'no, no'."  Accordingly, it is pure speculation that a witness gave false or misleading testimony to the grand jury.

5

disclosure of grand jury materials even after there had been public disclosure of portions of the transcripts at trial, "the broader societal interest in protecting grand jury secrecy remains, even though disclosure to one party may have defeated the secrecy interests of a particular witness or the party accused before the grand jury." Fischbach & Moore, Inc., 776 F.2d at 845-846. As explained above and in the government's opposition, that broad societal interest is all the more forceful in this case.

### III. CONCLUSION

As defendant concedes, his motion to dismiss the FSI is moot and should therefore be denied. His request for grand jury testimony should also be denied. Trial preparation and pretrial litigation are not grounds for production of grand jury testimony.