UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  **CR 24-621-MWF**  Date: June 9, 2025

Present: The Honorable:  **MICHAEL W. FITZGERALD, United States District Judge**

Interpreter  Not Applicable

| Rita Sanchez | Not Reported | Ian V. Yanniello, Gregory W. Staples, Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| **6) Durk Banks** | Not | X | | 6) Drew Findling, Jonathan M. Brayman, Christy O'Connor | Not | | X |

**Proceedings:  (IN CHAMBERS) ORDER DENYING DEFENDANT DURK BANKS' APPLICATION FOR REVIEW OF ORDER SETTING DETENTION [159]**

Before the Court are the following documents:

1. Defendant Durk Banks' Application for Review of Order of Detention (the "Application"), filed May 14, 2025.  (Docket No. 159).
2. Defendant Durk Banks' Brief in Support of His Request for Review/Reconsideration of the Detention Order ("Def. Brief"), filed May 20, 2025.  (Docket No. 162).
3. Government's Opposition to Defendant Banks' Application for Review of Detention Order (the "Opposition"), filed May 27, 2025, and Government's Brief in Support of Pretrial Detention for Defendant Durk Banks; Exhibits 1-2 (the "Prior Opposition").  (Docket Nos. 167 and 105).
4. Defendant Durk Banks' Reply in Support of His Application for Review/Reconsideration of Detention Order (the "Reply"), filed May 31, 2025.  (Docket No. 175).
5. Defendant Durk Banks' Exhibits in Support of Application and Corrected Exhibit 5 (the "Exhibits"), filed June 2, 2025.  (Docket Nos. 176 and 177).
6. Minute Order Denying Application for Reconsideration of Detention Order (the "MJ Order"), filed May 20, 2025.  (Docket No. 163).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

    7. Pretrial Services Reports, dated May 8, 2025, December 12, 2024, and November 14, 2024,

On June 2, 2025, the Court held a hearing on the Application. Counsel for Defendant Banks and the Government presented arguments. The Pretrial Services Officer stated the recommendation of that Office, namely that conditions did exist that would reasonably assure the presence of Defendant as required, but that no conditions would reasonably assure the safety of the community. At the conclusion of the hearing, the Court took the matter under submission.

The Court has also reviewed the pertinent caselaw, including *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008).

The Application is **DENIED.** The Court finds that the government has proven by a preponderance of the evidence that no combination of conditions would reasonably assure the appearance of Defendant as required. The Court further finds that the government has proven by clear and convincing evidence that no combination of conditions would reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e)(1).

These findings reflect this Court's own de novo review of the entire record. The Court's reasoning incorporates the reasoning of the MJ Order and the Government's Opposition and Prior Opposition, as well as the Government's arguments at the hearing. The presumption has not vanished. The sentence is mandatory life in prison without parole, which would make any innocent defendant consider flight as the rational alternative.

Nonetheless, Defendant is a wealthy and famous musician, businessman, and philanthropist, with considerable family ties. Defendant and his wife India Cox Banks share a daughter and stepdaughter. Defendant maintains relationships with his seven other children. Defendant is close to his mother Lashawnda Woodward. He thus does not appear to be a candidate for flight. The strength of his community ties is corroborated by his failure to flee during the pendency of the Georgia case.

Here then are the main reasons that the Government has met its burden as to flight, along with the presumption and the mandatory sentence:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*The attempted flight.* Based on the proffered evidence, the Court finds that Defendant did attempt to flee abroad after the murder. Defense counsel quibble with some of the Government's conclusions but the defense has made no showing that the specific trip to Dubai was pre-planned. The Court accepts that Defendant has business and spiritual reasons to travel to the Middle East. There is no evidence that he intended to do so *that day* for any reason apart from the murder and resulting arrests of the codefendants.

*The inadequacy of the financial conditions.* The proffer of Defendant's own mother's home and the $150,000 tendered by Niza Alibhai are very much in Defendant's favor. Less so is the $1,000,000 tendered by Alamo Records/Sony Music. No doubt Defendant appreciates the show of support as an artist and businessman, but there is no moral suasion on Defendant to prevent a corporation to lose money.

The main problem here is that, based on information in the sealed Pretrial Service Reports, the proffered funds are only a fraction of Defendant's net worth. Moreover, Defendant would still have his intellectual property with which to earn a handsome living abroad. Any set of conditions would need to impoverish Defendant and lead to the forfeiture of all interest in his intellectual property.

*The inadequacy of home detention.* The MJ Order understandably focuses on the augmented conditions, and as to their inadequacy the Court agrees with its reasoning. If Defendant were released, the Court would certainly order home detention, electronic monitoring, and the clever "private jail" security suggestion. However, as the Pretrial Services Officer stated in court, ultimately these safeguards would be insufficient. The security arrangement would involve an inherent conflict of interest.

As to community safety, the question is much closer. This Court must determine whether on this record the facts supporting danger are shown by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

To summarize, the evidence is the presumption, the nature of the alleged crime here – a plot against a perceived enemy – and statements of other witnesses with percipient knowledge of conduct relevant to this issue. Specifically, the government has proffered the statements from its Prior Opposition, Exhibits 1 and 2. Exhibit 1 is the search warrant used in the Chicago case, *United States v. Anthony Montgomery-Wilson and Preston Powell,* which contains the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

highly pertinent statements of CHS-1 at paragraph 19, page 12 (Docket No. 105 at 13). Exhibit 2 is the sealed warrant affidavit, which contains the highly pertinent statements of CW-1 and Victim 1 at paragraphs 30-33.

The Federal Rules of Evidence do not apply to bail hearings, Fed. R. Evid. 1101(d)(3), and it is the custom in this District to conduct bail hearings by way of proffer and without live testimony. *See also* 18 U.S.C. § 3142(f)(2) (rules for admitting evidence in criminal trials do not apply). The Court is mindful that the statements are made by witnesses who at trial would doubtless be subject to rigorous cross-examination based on extensive *Giglio* impeaching material. Moreover, the Court has not forgotten that the proffered transcripts in the Chicago case indicate that Defendant will not be charged in that case with obstruction of justice.

This Court concludes de novo that the magistrate judge correctly determined that clear and convincing evidence supports the finding of danger. In particular, this Court notes the following:

*Everything hangs together.* The nature of the charges and the presumption both point to a danger in this case, not just to the community at large. Likewise, the Government's additional evidence points to a danger to anyone in this case who might testify against Defendant. This case, then, contrasts where the putative danger was, say, more drug trafficking. As the Magistrate Judge concluded, "Defendant uses his money, influence and power to endanger individuals whom he perceives as a threat." (MJ Order at 4).

*The inadequacy of the release conditions.* As the Government correctly pointed out, the proposed release conditions would not prevent Defendant from engaging in criminal conduct to frustrate the prosecution of this case. The emotional statement at the bail hearing of the murder victim's mother is best understood as an expression of this common-sense conclusion. Likewise, the Court views the proffered evidence of Defendant's misuse of cell phones while in detention in a similar light. Defense counsel showed through expert testimony that the violations themselves are not that serious. However, the violations do show that rules can be circumvented even at the Metropolitan Detention Center. The Court does not dispute the representation that the violations were for personal and business reasons, with no new criminal conduct discussed. Still, how easy it would be to plot from home, with even fewer restrictions applied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

    To the extent a written order is required on review, this Order constitutes the written findings of fact and reasons for detention.  18 U.S.C. § 3142(i).

    IT IS SO ORDERED.