DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
        marissa@findlinglawfirm.com

JONATHAN M. BRAYMAN
Breen & Pugh
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 360-1001
Email: jbrayman@breenpughlaw.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DURK BANKS,<br><br>　　　　Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' MOTION FOR EARLY RETURN OF JENCKS ACT MATERIAL**<br><br>**Hearing**<br><br>Date:　　November 18, 2025<br>Time:　　10:00 a.m.<br>Courtroom:　5A<br>Judge:　　Hon. Michael W. Fitzgerald |

Defendant Durk Banks, by and through his attorneys, Drew Findling, Marissa Goldberg, Jonathan M. Brayman, and Christy O'Connor, hereby files this Motion for

Early Return of Jencks Act Material, and respectfully moves the Court, pursuant to 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Federal Rules of Criminal Procedure 16(a)(1)(E)(i) and 26.2, for entry of an order requiring the government to produce to the defense all Jencks Act material (18 U.S.C. § 3500) by no later than 45 days before trial (or by December 6, 2025).

This Motion is based on the attached memorandum, the files and records in this case, and any other such evidence or argument that the Court may permit.

Respectfully submitted,

Dated: October 6, 2025    BY:   /s/ *Jonathan M. Brayman*
                                Drew Findling
                                Marissa Goldberg
                                Jonathan M. Brayman
                                Christy O'Connor

*Attorneys for Durk Banks*

### NOTICE OF MOTION

Defendant Durk Banks, by and through undersigned counsel, hereby submits this Motion for Early Return of Jencks Act Material. Pursuant to the local rules, the parties met and conferred on October 2, 2025, during which counsel for the government indicated that they opposed this motion.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Durk Banks respectfully moves for an order requiring the government to produce all § 3500 material to the defense no later than 45 days before trial. While the government indicates that it is producing this category of discovery material to the defense "on a rolling basis," the government opposes producing all § 3500 material in this matter by December 6, 2025. Instead, the government has proposed to disclose § 3500 material in full only one week before trial—and *after* the Final Pretrial Conference scheduled for January 7, 2026. The government's proposed timeline will render the disclosures of very little use in order to engage in meaningful defense investigation and will unnecessarily risk delays, interruptions, and mid-trial disputes. Timely and early production—consistent with a commitment to fairness, efficiency, and orderly case management—will allow both sides to prepare effectively and ensure that the trial in this matter proceeds without substantial and avoidable disruptions.

## II. LEGAL FRAMEWORK

The Jencks Act states that, after a witness has testified, the government must provide to the defendant "any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). As described in Section 3500(e), the term "statement" includes a witness' handwritten or typed statement, a summary of a witness' statement as recorded by a law enforcement agent (which Mr. Banks would argue includes the agent's handwritten

3

notes), and any testimony the witness provided to a grand jury. Rule 26.2 of the Federal Rules of Criminal Procedure mirrors the Jencks Act, but expressly provides procedures for both parties, and encourages voluntary early production to avoid trial delays.

It is within the Court's inherent supervisory power to require production of Jencks Material in advance of trial, and it is not uncommon for district courts to order the government to turn this material over early. *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc); Exhibit 1, Order Modifying Pretrial Schedule in *United States v. Cervantes et al.*, No. 4:21-cr-00328-YGR (N.D. Cal.) (ordering Jencks Act Disclosures 60 days before trial). In *W.R. Grace*, for example, the Ninth Circuit, sitting *en banc*, emphasized that "the district court is charged with effectuating the speedy and orderly administration of justice[,]" and that, "in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.*, 526 F.3d at 508-509.

The government's obligations, under the Jencks Act, frequently overlap with its constitutional duties under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady*, 373

U.S. at 87; *Giglio*, 405 U.S. at 154. The government must disclose all favorable documents and information—regardless of whether there is a reasonable probability that the disclosure would change the outcome of the trial. Justice Manual § 9-5.001(c) ("Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt or innocence. As a result, this policy requires disclosure by prosecutors of information beyond that which is 'material' to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995)"; *see also United States v. Sudikoff*, 36 F.Supp.2d 1196, 1199-1204 (C.D. Cal. 1999). As the Justice Manual and *Sudikoff* recognize, prosecutors must take a broad view of materiality, disclosing even inadmissible information reasonably likely to lead to admissible evidence, and err on the side of disclosure before trial. *See, e.g., Sudikoff*, 36 F.Supp.2d at 1201; Justice Manual § 9.5001(B)(1) and (C)(3) (citing *Kyles*, 514 U.S. at 439).

*Giglio* evidence is a variety of *Brady* evidence that requires the disclosure of prior inconsistent statements; statements or reports reflecting benefits provided to witnesses (including dropped or reduced charges, monetary benefits, non-prosecution or deferred prosecution agreements, consideration or benefits to culpable or at-risk third parties); materials regarding known conditions that may affect the witness' motive, interest, and/or bias (such as animosity toward the accused, relationship to the victim, known but

5

uncharged criminal conduct that may provide an incentive to curry favor with the government); prior acts under Federal Rule of Evidence 608; prior convictions under Federal Rule of Evidence 609; and known substance abuse or mental health issues (or other issues that could affect the witness' ability to perceive and recall events). *See* Justice Manual § 9-5.002(B)(7).

Under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), the government must disclose documents, information, and tangible items "material to preparing the defense." Materiality is a "low threshold" in this context and is met where "the information would have helped" the defense in preparing his or her defense. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (quoting *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013)); *see also United States v. Service Deli, Inc.*, 151 F.3d 938, 943 (9th Cir. 1998) ("After comparing the hand-written notes to the government's typewritten summary and reviewing the arguments of the parties, we conclude the government violated the due process rights of the defendant by failing to disclose material information contained in the December 6 notes."); *Goldberg v. United States*, 425 U.S. 94 (1976) (notes by government attorneys during interviews of a government witness may be statements within the meaning of the Jencks Act if the notes were read back to the witness and the witness affirmed what was reflected in the notes). Documents are "material to preparing a defense" if they could significantly help[] in 'uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment

and rebuttal.'" *United States v. Gaddis*, 877 F.2d 605, 611 (7th Cir. 1989) (quoting *United States v. Felt*, 491 F.Supp. 179, 186 (D.D.C. 1979)).

Courts in the Ninth Circuit have recognized that the due process obligation to disclose material favorable evidence extends to both prosecutors and investigators and applies at every stage where the suppression of such information could affect the fairness of proceedings. *See*, *e.g.*, *Tatum v. Moody*, 768 F.3d 806, 816-17 (9th Cir. 2014) (holding that investigators violate due process when they withhold "compelling exculpatory evidence" from prosecutors competent to act on it); *United States v. Price*, 566 F.3d 900, 909 (9th Cir. 2009); *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (continued detention or prosecution after it is or should be known that the accused is entitled to release offends the Fourteenth Amendment). These decisions reflect the broader principle, rooted in *Brady*, *Giglio*, and their progeny, that the government's obligation to ensure fundamental fairness and due process is proactive and ongoing throughout a criminal case. Evidence that directly undermines the reliability of a government witness or the factual predication for the criminal prosecution is "critical" material and should not be withheld until the eve of trial or later.

### III. ARGUMENT

The government's proposed production of all Jencks Act material one week before trial is inconsistent with due process, fundamental fairness, and efficient trial management. Witness statements often contain impeachment material, *i.e.*, promises,

7

inconsistent accounts, and/or credibility issues. When such material is withheld until a few days before trial, it becomes impossible for the defense to meaningfully investigate or use the statements effectively, resulting in the very type of unfairness that *Brady*, *Giglio*, *Kyles*, and their progeny sought to prevent. It negatively impacts the accused's ability to prepare his or her defense, as well as to receive a fair trial and due process.

The government's proposed timeline—providing all Jencks Act material only a week before trial—threatens to derail an efficient and orderly trial process. Witness statements often reference third parties, prior inconsistent accounts, or investigative details that must be probed. A one-week window, overlapping with trial preparation, makes such work impossible. If production occurs one week before trial, the Court may contend with an outcome that is inconsistent with efficient case management and due process. Additionally, the defense's ability to effectively confront witnesses depends on advance access to their prior statements. Only the defense—not the government or any other entity—can determine how to use a witness' prior statements for impeachment.

Ordering the production of all Jencks Act material no later than 45 days before trial ensures that both the parties and the Court can address evidentiary and credibility issues before jury selection. This proposed schedule provides several benefits including: (1) avoiding mid-trial litigation (or litigation *on the eve of trial*); (2) facilitating effective preparation in a multi-defendant case with numerous anticipated government cooperating witnesses and informants; (3) ensuring effective cross-examination through meaningful

confrontation, which would be defeated by last-minute disclosures; (4) protecting the accused's due process rights; and (5) reducing the risk that confidence in the proceedings will be diminished by disclosures right before trial.

Courts in similar multi-defendant cases, including *United States v. Cervantes*, No. 4:21-cr-00328-YGR (N.D. Cal.), have required production 60 days before trial. In fact, the Court remarked at the June 2, 2025 hearing in this matter, that it would anticipate that the government would make the required disclosures "well before" witnesses had concluded their direct examination testimony. The 45-day requirement proposed here is a moderate and practical compromise between the government's interests and the defense's constitutional and statutory guarantees.

Alternatively, if the government believes early production could endanger witnesses or compromise ongoing investigations, it can seek in camera review. Those mechanisms balance any safety concerns with the accused's right to timely disclosure, due process, and a fair trial. What cannot be justified is a lengthy delay until the eve of trial, when there is no meaningful time left for thorough review and investigation.

## IV. CONCLUSION

For the foregoing reasons, Defendant Durk Banks respectfully requests that this Court issue an order directing the government to produce all Jencks Act material by December 6, 2025. Early and timely production of Jencks Act material protects the accused's constitutional rights, while simultaneously promoting fairness and efficiency.