BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
               greg.staples@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT ASA HOUSTON'S MOTION TO DISMISS COUNT 4 OF THE SECOND SUPERSEDING INDICTMENT |
| v. | |
| DURK BANKS, et al., | Hearing Date: November 18, 2025 |
| Defendants. | Hearing Time: 1:30 p.m.<br>Location:   Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, hereby files its Opposition to Defendant Asa Houston's Motion to Dismiss Count 4 of the Second Superseding Indictment (Dkt. 248) in the above-captioned trial. The Motion has been joined by defendants Durk Banks, David Brian Lindsey, and Deandre Dontrell Wilson.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

　　　　　　　　　　　　　　　　 */s/*
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                           PAGE

TABLE OF AUTHORITIES..................................................ii

TABLE OF AUTHORITIES (CONT.D).........................................iii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.   INTRODUCTION......................................................1

II.  STALKING IN VIOLATION OF SECTION 2261A(2)(A) IS A CRIME OF
     VIOLENCE..........................................................2

     A.   The Categorical and Modified Categorical Approaches..........2

     B.   Legal Standards Governing Divisibility.......................3

     C.   The Stalking Statute is Divisible............................3

     D.   Section 2261A(2)(A) is Categorically a Crime of
          Violence.....................................................7

     E.   At the Very Least, the Stalking Statute is Divisible
          as to the Basic and Aggravated (Death-Resulting)
          Offenses, and the Death-Resulting Offense at Issue
          Here is a Crime of Violence..................................9

III. CONCLUSION.......................................................11

**TABLE OF AUTHORITIES**

DESCRIPTION                                                              PAGE

CASES:

Burrage v. United Stats,
  571 U.S. 204 (2014) .............................................. 10

Delligatti v. United States,
  604 U.S. 423 (2025) ........................................... 9, 10

Johnson v. United States,
  559 U.S. 133 (2010) ............................................ 3, 8

Mathis v. United States,
  579 U.S. 500 (2016) ......................................... 3, 6, 9

Stokeling v. United States,
  586 U.S. 73 (2019) ................................................ 9

United States v. Abarca,
  No. 22-CR-20505, 2024 WL 1643174 (S.D. Fla. 2024) ........... 4, 5, 7

United States v. Ali,
  No. 24-cr-20341, 2025 WL 2938420 (S.D. Fla. 2025) .............. 4, 5

United States v. Bacon,
  No. CR 18-75-LPS, 2021 WL 5051364 (D. Del. 2021) ............ 4, 7, 8

United States v. Buck,
  23 F.4th 919 (9th Cir. 2022) ................................. passim

United States v. Eckford,
  77 F.4th 1228 (9th Cir.) .......................................... 9

United States v. Elkins,
  725 F. Supp. 3d 570 (N.D. Tex. 2024) .............................. 8

United States v. Howald,
  104 F.4th 732 (9th Cir.) ....................................... 2, 3

United States v. Johnson,
  No. 24-CR-20110, 2025 WL 1520055 (S.D. Fla. 2025) ........... 5, 7, 8

United States v. Mathis,
  932 F.3d 242 (4th Cir. 2019) ...................................... 9

United States v. McDuffy,
  890 F.3d 796 (9th Cir. 2018) ..................................... 11

**TABLE OF AUTHORITIES (CONT.D)**

<u>DESCRIPTION</u>                                                          <u>PAGE</u>

<u>United States v. Taylor</u>,
   596 U.S. 845 (2022) ............................................. 2

<u>United States v. Tsarnaev</u>,
   968 F.3d 24 (1st Cir. 2020) .................................... 10

<u>United States v. Verwiebe</u>,
   874 F.3d 258 (6th Cir. 2017) ................................... 10

<u>United States v. Wilbur</u>,
   674 F.3d 1160 (9th Cir. 2012) ................................... 1

<u>Villagomez v. McHenry</u>,
   127 F.4th 113 (9th Cir. 2025) .................................. 10

<u>STATUTES</u>:

18 U.S.C. § 924(c)(3)(A)............................................ 2
18 U.S.C. § 1365(h)(3).............................................. 8
18 U.S.C. § 1958(a)................................................. 1
18 U.S.C. § 2114.................................................... 3
18 U.S.C. § 2261(b)(1)............................................. 10
18 U.S.C. §§ 924(c)................................................. 7
18 U.S.C. §§ 2261A(2)(A)....................................... passim
18 U.S.C. § 249(a)(2)............................................... 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Count 4 of the Second Superseding Indictment ("SSI") charges defendants with a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (B)(ii), (j)(1), 2(a) for use, carry, and discharge of firearms --- including a machinegun --- during and in relation to, and possession of such firearms in furtherance of, two predicate crimes of violence: (i) Murder for Hire Resulting in Death, in violation of 18 U.S.C. § 1958(a) (as charged in Count 2); and (ii) Stalking Resulting in Death, in violation of 18 U.S.C. §§ 2261A(2)(A), (B), 2261(b)(1) (as charged in Count 3).

After further consideration, the government has elected not to proceed on the murder-for-hire predicate for Count 4 because that conviction carries a mandatory minimum penalty of life imprisonment. Therefore, a § 924(c) conviction with that predicate does not impact the ultimate sentence. With respect to the stalking predicate, the government now elects to proceed only under §§ 2261A(2)(A), 2261(b)(1) -- i.e., that the defendants engaged in course of conduct that placed the victims in reasonable fear of death or serious bodily injury, resulting in S.R.'s death --- not under § 2261A(2)(B).[1]

Accordingly, the only question now before the Court is whether the current version of 18 U.S.C. §§ 2261A(2)(A) is a crime of violence. Although no court of appeals has yet addressed this issue, every district court that has done so has found that it is a crime of violence. The Court should follow suit and hold the same.

---

[1] The government may proceed on a narrower charge than contained in the SSI. See, e.g., United States v. Wilbur, 674 F.3d 1160, 1178 (9th Cir. 2012).

1

**II. STALKING IN VIOLATION OF SECTION 2261A(2)(A) IS A CRIME OF VIOLENCE**

**A.    The Categorical and Modified Categorical Approaches**

Under the elements clause of Section 924(c), a crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

In determining whether a crime falls within the elements clause and thus constitutes a crime of violence, the court applies the categorical approach.  United States v. Buck, 23 F.4th 919, 924 (9th Cir. 2022).  Under the categorical approach, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove -- beyond a reasonable doubt, as an element of its case -- the use, attempted use, or threatened use of force." United States v. Taylor, 596 U.S. 845, 850 (2022).

"However, if the predicate statute is comprised of various offenses, it is 'divisible,' so courts must apply the modified categorical approach."  United States v. Howald, 104 F.4th 732, 740 (9th Cir.), cert. denied, 145 S. Ct. 781 (2024).  "[I]f the statute of conviction is divisible, and if one of the alternative versions of the crime would qualify as a crime of violence under the elements clause, [the court] then determine[s], using certain permitted sources, whether the offender was convicted under that part of the divisible statute."  Buck, 23 F.4th at 924.  "In that circumstance, the modified categorical approach 'permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record -- including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of

2

law from a bench trial, and jury instructions and verdict forms.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 144 (2010)).

### B.   Legal Standards Governing Divisibility

"A statute is divisible when it 'list[s] elements in the alternative, and thereby define[s] multiple crimes.'" Buck, 23 F.4th at 924 (quoting Mathis v. United States, 579 U.S. 500, 505 (2016)). A statute is not divisible if it merely lists alternative means of committing the same crime. Id.; see also Mathis, 579 U.S. at 506.

A statute presents disjunctive elements, and not simply alternative factual means of committing a single offense, when it criminalizes actions "concerning different conduct and involving different proof." Buck, 23 F.4th at 925. For example, Buck held that the aggravated version of 18 U.S.C. § 2114 (assaulting and robbing a mail carrier) is divisible into separate aggravated offenses because one alternative requires use of a dangerous weapon in a way that puts the life of the victim in danger, another alternative requires that the victim was wounded but does not require use of a dangerous weapon, and the third alternative requires only that the defendant have a previous conviction for the same offense. Id. at 925-26. Similarly, the hate crime in 18 U.S.C. § 249(a)(2) is divisible into completed and attempt offenses because the attempt offense contains its own additional element. Howald, 104 F.4th at 741. That statute also contains divisible basic and aggravated offenses, and the aggravated offense is further divisible based on the particular aggravating circumstance. Id.

### C.   The Stalking Statute is Divisible

"If a statute is indivisible and criminalizes a broader range of conduct than would fit the federal definition of a crime of violence,

3

there is no categorical match, and that ends the inquiry." Buck, 23 F.4th at 924. Defendant contends that is the situation here. He is wrong. The modified categorical approach applies because Section 2261A is divisible into at least four parts. United States v. Ali, No. 24-cr-20341, 2025 WL 2938420, at *2 (S.D. Fla. 2025).

First, "the statute is plainly divisible between § 2261A(1) and § 2261A(2)." Id. This is because § 2261A(1) requires that the government prove a defendant "travel[ed] in interstate or foreign commerce or [was] present within the special maritime and territorial jurisdiction of the United States, or enter[ed] or le[ft] Indian country," whereas § 2261A(2) requires proof of entirely different conduct, namely that a defendant "use[d] the mail, any interactive computer service or electronic communication service or electronic communication system or interstate commerce, or any other facility of interstate or foreign commerce[.]" See id.; United States v. Bacon, No. CR 18-75-LPS, 2021 WL 5051364, at *12 (D. Del. 2021); United States v. Abarca, No. 22-CR-20505, 2024 WL 1643174, at *6 (S.D. Fla. 2024), report and recommendation adopted, No. 22-CR-20505, 2024 WL 1637343 (S.D. Fla. 2024).

Second, the statute further criminalizes various forms of stalking, each of which concern "different conduct and involving different proof." Buck, 23 F.4th at 925. Relevant here, Subsection (2) of § 2261A sets forth two distinct ways it can be violated: (A) engaging in conduct that "places that person in reasonable fear of the death of or serious bodily injury" to a small category of victims (the "Fear of Death or Serious Injury Prong"); and (B) engaging in conduct which "causes, attempts to cause or would be reasonably expected to cause substantial emotional distress" (the "Emotional

4

Distress Prong"). The wording of the statute alone makes clear that the conduct enumerated at subsections (A) and (B) involve different elements. The Fear of Death or Serious Injury Prong criminalizes conduct that puts a person in "reasonable fear of the death of or serious bodily injury to" a victim and immediate family members. On the other hand, the Emotional Distress Prong broadens the criminalized conduct to that which "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress." The language of the statute dictates that these are alternative elements, rather than means, since they require different actions. See, e.g., Ali, 2025 WL 2938420, at *2; United States v. Johnson, No. 24-CR-20110, 2025 WL 1520055, at *6 (S.D. Fla. 2025), report and recommendation adopted, No. 24-20110-CR, 2025 WL 1517219 (S.D. Fla. 2025) (holding that 18 U.S.C. §§ 2261A(2)(A) and (B) "are alternative *elements*, rather than *means*, because they require different actions. Given that the subsections address different harms and protect different enumerated groups, it would be illogical to ask the jury to find either, but not agree on which one.") (emphasis in original); Ali, 2025 WL 2938420, at *2 (same); Abarca, 2024 WL 1643174, at *6 (same).

Defendant does not meaningfully challenge the divisibility of § 2261A(2)(A); indeed, he does not even discuss divisibility between § 2261A(1) and § 2261A(2), nor divisibility between subsections (2)(A) and (2)(B). Rather, his primary contention is that the statute is not divisible based on the alternative means for satisfying the *means rea* element of § 2261A(1) --- i.e., intent to "kill, injure, harass, or intimidate." The government agrees that the multiple means of proving intent are not distinct elements, but

that does not change the plain distinction between the different types of *conduct* the government must prove between a violation of § 2261A(1) or (2), and between a violation of § 2261A(2)(A) or (B).

Defendant further argues that § 2261A is not divisible because Count 3 of the SSI lists all the alternative types of conduct. But in quoting Mathis, upon which he relies (Mot. at 13-14), defendant omits critical language from that opinion that the court must look to the "indictment and correlative jury instructions." Mathis, 579 U.S. at 519 (emphasis added). Here, had the government elected to proceed on offenses beyond § 2261A(2)(A), the jury instructions would have required the jury to unanimously agree on which particular elements supported conviction.

Finally, defendant notes that one district court has found that a prior version of § 2261A was not divisible. United States v. Minners, No.05-CR-0152-CVE-02, 2020 WL 4275040, at *5 (N.D. Okla. 2020). But since Minners, the statute has twice been amended.[2]

---

[2] In 2013, Congress restructured § 2261A by adding a "conduct" requirement, so travel or surveillance alone no longer sufficed. Compare Pub. L. 109-162, Title I, § 114(a), Jan. 5, 2006, 119 Stat. 298 (requiring that a criminal's "travel places [a victim] in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress . . .") with Pub. L. 113-4, Title I, § 107(b), Mar. 7, 2013, 127 Stat. 77 (adding the requirement that a defendant "engages in conduct" placing a person in reasonable fear of the death of, or serious bodily injury to" a limited category of victims). Additionally, the 2013 amendments distinguished between conduct that: (i) placed a person in reasonable fear of the death of or serious bodily injury to" one of three categories of victims; (ii) caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to one of the same three categories of victims; and (iii) cyberstalking that either (a) causes reasonable fear of death or serious bodily injury, or (b) caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress, to the same three types of victims. Pub. L. 113-4, Title I, § 107(b), Mar. 7, 2013, 127 Stat. 77.

In 2018, Congress further distinguished subsection (2)(A) from subsection (2)(B) when it expanded the list of protected groups of
*(footnote cont'd on next page)*

6

This Court should therefore follow every district court that has considered the divisibility of the current version of § 2261A and hold that it is divisible and subject to the modified categorical approach. Ali, 2025 WL 2938420, at *2; Johnson, 2025 WL 1520055, at *6; Bacon, 2021 WL 5051364, at *13; Abarca, 2024 WL 1643174, at *6; 2021 WL 5051364, at *12. Each of these cases distinguishes Minners based on the subsequent amendments to the statute.

### D. Section 2261A(2)(A) is Categorically a Crime of Violence

Because the Court should apply the modified categorical approach, the Court can look to the additional documents, including the SSI, to aid in its analysis. Here, as described above, the government has elected to proceed only on a violation of 18 U.S.C. §§ 2261A(2)(A), 2261(b)(1) as the predicate crime of violence to support the 18 U.S.C. §§ 924(c), (j) count.

As now narrowed in Counts 3 and 4 of the SSI, the statute requires the government to prove the defendants: (i) "with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, and intimidate"; (ii) used facilities of interstate commerce; (iii) to "engage in a course of conduct" that placed the victims "in reasonable fear of death or serious bodily injury"; (iv) resulting in death. 18 U.S.C. §§ 2261A(2)(A), 2261(b)(1). The statute defines "serious bodily injury" as: "bodily injury which involves --(A) a substantial risk of death; (B) extreme

---

victims under Section 2261A's subsections (1)(A) and (2)(A), but specifically refused to do so for subsection (2)(B). See Pub. L. 115-334, Title XII, § 12502(a)(1), Dec. 20, 2018, 132 Stat. 4982 (adding that the Fear of Death or Serious Injury Prong criminalized conduct that puts a person in reasonable fear of the death of or serious bodily injury to "the pet, service animal, emotional support animal, or horse of that person," but not amending the Emotional Distress Prong to include those victims). Johnson, 2025 WL 1520055, at *6.

physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3).  Thus, a conviction under section 2261A(2)(A) requires that the government prove the defendants "engage[d] in some kind of volitional conduct" placing the victim in *reasonable* fear of death or injury.  United States v. Griffin, No. 2:17-CR-20639-TGB-MKM, 2022 WL 2071054, at *5 (E.D. Mich. 2022).  Fear alone is insufficient.

As multiple district courts have reasoned, it is "impossible to conceptualize an instance where an individual engages in a 'course of conduct' that puts someone in 'reasonable fear of the death of or serious bodily injury' [to himself or another] without engaging in conduct that, at minimum, threatens the use of physical force to a person."  Ali, 2025 WL 2938420, at *4 (quoting Johnson, 2025 WL 1520055, at *10); Bacon, 2021 WL 5051364, at *14 ("If the hypothetical defendant intentionally communicates with the victim in a way that causes reasonable fear of death or serious bodily injury, that communication necessarily involves at least the threatened use of physical force."); United States v. Elkins, 725 F. Supp. 3d 570, 576 (N.D. Tex. 2024) ("The Court has a difficult time imagining a case where an actor commits a violation under §§ 2261A(2) and 2261(b)(1)-(3), with the requisite level of intention and harm, and does not also intentionally attempt or threaten to use force.").[3]

---

[3] A crime of violence requires "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).  This so-called Johnson-level force "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury, only potentiality." Stokeling v. United States, 586 U.S. 73, 84 (2019)  The force may be indirect and involve no actual bodily contact.
*(footnote cont'd on next page)*

8

This analysis is consistent with the Ninth Circuit's reasoning in holding, for example, that completed Hobbs Act robbery is a crime of violence. See United States v. Eckford, 77 F.4th 1228, 1236 (9th Cir.), cert. denied, 144 S. Ct. 521 (2023) (citing with approval the Fourth Circuit's reasoning in United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019), that fear of injury "necessarily involves the threat to use physical force").

In sum, because a violation of § 2261A(2)(A) requires at least the threatened use of physical force, it is categorically a crime of violence.

### E. At the Very Least, the Stalking Statute is Divisible as to the Basic and Aggravated (Death-Resulting) Offenses, and the Death-Resulting Offense at Issue Here is a Crime of Violence

Even if the basic version of 18 U.S.C § 2261A(2)(A) does not constitute a crime of violence, it is a crime of violence when the conduct results in death.

A statute is divisible when it contains different maximum penalties. "If statutory alternatives carry different punishments, then under Apprendi they must be elements." Mathis, 579 U.S. at 518; see also Buck, 23 F.4th at 925 (18 U.S.C. § 2114(a) is divisible into basic and aggravated offense because the basic offense is punishable by no more than ten years and the aggravated offense carries a maximum penalty of 24 years).

Here, the penalty for a violation of § 2261A increases to imprisonment "for life or any term of years, if death of the victim results," as charged in Count 4. 18 U.S.C. § 2261(b)(1). Because

---

Delligatti v. United States, 604 U.S. 423, 429, 432 (2025) ("causing bodily harm by omission requires the use of force").

§ 2261(b) provides for different maximum penalties depending on the extent of the victim's injury caused by the conduct, § 2261A is divisible into basic and aggravated offenses. Griffin, 2022 WL 2071054, at *3 (aggravated offense under § 2261A is divisible).

Griffin concluded that a violation of § 2261A(1) resulting in death is a categorical crime of violence because a crime requiring proof of death necessarily requires at least a threat of violent (Johnson-level) physical force. Id. at *5. Griffin relied on precedent from the First and Sixth Circuits holding that an offense requiring proof of serious physical injury or resulting in death necessarily involves the use of the violent physical force required by Johnson. 2022 WL 2071054, at *5-*6 (citing United States v. Verwiebe, 874 F.3d 258, 261 (6th Cir. 2017), abrogated on other grounds by Borden v. United States, 593 U.S. 420 (2021), and United States v. Tsarnaev, 968 F.3d 24, 104 (1st Cir. 2020), rev'd in part on other grounds, 595 U.S. 302 (2022)). This circuit has adopted a similar rule. See Villagomez v. McHenry, 127 F.4th 113, 119 (9th Cir. 2025) (although Nevada simple battery does not require Johnson-level force, aggravated battery requiring substantial bodily harm -- defined as "prolonged physical pain" -- "necessarily requires deploying Johnson-level force").

Defendant offers no realistic contrary scenario. The requirement that "death results" from the stalking requires a but-for causal connection between the stalking and the death. See Delligatti, 2025 WL 875804, at *6; Burrage v. United Stats, 571 U.S. 204, 214 (2014) ("a phrase such as 'results from' imposes a requirement of but-for causation"). Thus, it would not suffice, for example, to show that the victim happened to die of natural causes while being stalked. See Burrage, 571 U.S. at 214.

In addition to requiring violent physical force (i.e., force capable of causing physical pain or injury to another person), a crime of violence requires more than reckless conduct. Borden, 593 U.S. at 423. Defendant contends that the death-resulting element contains no separate mens rea requirement, see United States v. McDuffy, 890 F.3d 796, 797-98 (9th Cir. 2018) (aggravated bank robbery offense under 18 U.S.C. § 2113(e) when death results requires only the mens rea necessary to commit the underlying bank robbery), and thus can include deaths that are not intentional. But defendant misunderstands the intent required for a crime of violence -- it is not the harm or result (death) that must be intended, but the use (or threatened use) of physical force. See Borden, 593 U.S. at 430-34. The statute requires that the defendant engage in the prohibited course of conduct "with the intent to kill, injure, harass, intimidate, or place under surveillance with the intent to kill, injure, harass, or intimidate another person." 18 U.S.C. § 2261A(2)(A). Because of this intent requirement, the threatened use of force cannot be merely reckless or negligent, even if the resulting death is unintended.

Accordingly, at the very least, § 2261A(2)(A) is divisible as to the basic and death-resulting offenses, and the death-resulting offense on which the government intends to proceed at trial is a crime of violence.

**III. CONCLUSION**

For the foregoing reasons, the Court should hold that 18 U.S.C. § 2261A is divisible, and that 18 U.S.C. §§ 2261A(2)(A), 2261(b)(1) as charged in the SSI is a crime of violence under the elements clause of § 924(c).

11