BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
              greg.staples@usdoj.gov
              daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-621(B)-MWF |
|---|---|
| Plaintiff, | <u>ATTORNEYS' EYES ONLY ("AEO") PROTECTIVE ORDER REGARDING CERTAIN DISCOVERY</u> |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

    The Court has read and considered the parties' Stipulation for an Attorneys' Eyes Only ("AEO") Protective Order Regarding Certain Discovery (the "AEO Stipulation"), filed by the government and defendants in this matter, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

    1.    Defendants previously stipulated to, and this Court entered, a protective order governing the use and dissemination of discovery containing (1) personal identifying information ("PII") of

real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical information; (3) material that may contain information within the scope of the Privacy Act, and (4) information related to protected witnesses who participated in the government's investigation, who may testify at trial, and/or whose safety may be endangered by disclosure of identifying information.  This Stipulation and Order is in addition to and supplements the previously filed protective order.  (Dkt. 104.)

    2.   At defendants' request, the government has agreed to produce the following materials, which defendants agree will be covered by this Attorney's Eyes Only ("AEO") Protective Order: (1) digital data from co-defendants' and/or co-conspirators' devices/accounts (including extractions of cell phones); and (2) non-privileged recordings of jail calls and messages of certain co-defendants' and/or co-conspirators.  An AEO Protective Order is necessary so that the government can produce to defense counsel these materials, while protecting sensitive information from unauthorized disclosure.

    3.   The purpose of the AEO Protective Order is therefore to allow the government to comply with its obligations pursuant to the Order while protecting sensitive information from unauthorized dissemination.

    4.   Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

        a.   As used herein, "AEO Materials" includes any extraction of a digital device and/or account information that does not belong to defendant (which in some cases may be a mirror image

2

of a device/account and include information that the government has not seized pursuant to a warrant), and any recordings of jail calls and messages of certain co-defendants' and/or co-conspirators.

       b. "AEO Information" refers to any document or information containing AEO Materials that the government produces to the defense pursuant to this AEO Protective Order and any copies thereof.

       c. The "AEO Defense Team" includes (1) defendants' counsel of record ("defense counsel"); and specific attorneys, paralegals, and/or investigators (i) whom defense counsel has identified to the government (ii) who have agreed in writing to be bound by the requirements of this AEO Protective Order provided to the government. The AEO Defense Team does not include the defendants, defendants' family members, any employees of defendants, any other associates of defendants, or anyone who has not signed this stipulation.

       d. The government is authorized to provide defense counsel with AEO Information marked with the following legend: "ATTORNEYS' EYES ONLY ("AEO") -- CONTENTS SUBJECT TO AEO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.

       e. If defendants object to a designation that material contains AEO Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendants' objection, defendants may apply to the Court to have the designation removed.

       f. Defendants and the AEO Defense Team agree to use the AEO Information solely to prepare for any pretrial motions, plea

3

negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case. Defendants and the AEO Defense Team may lodge AEO Information in court accompanied by an ex parte application to file under seal and/or in camera, but may not file AEO Information on the public docket.

        g.    The AEO Defense Team shall not permit anyone other than the AEO Defense Team to have possession of AEO Information at any time. At no time, under no circumstance, will any AEO Information be shown to the defendants, or left in the possession, custody, or control of defendants, regardless of defendants' custody status. The AEO Defense Team shall not show, orally disclose, or share in any manner with any other individual or witness any AEO Information, including any family member of a defendant. The AEO Defense Team may orally disclose AEO Information with defendants, except for any information identifying the location or whereabouts of any protected witness of any family member of a protected witness, and any personal identifying information of any family member of a protected witness.

        h.    Defendants cannot see, review, copy, keep, maintain, summarize, memorialize, or otherwise possess any AEO Information.

        i.    The AEO Defense Team cannot review AEO Information with anyone, including but not limited to any witness(es) or potential witness(es). Before being shown any portion of AEO Information, any additional proposed members of the AEO Defense Team must be identified to the government, and be informed of, and agree in writing to be bound by, the requirements of the AEO Protective Order by the applicable defense counsel. No member of the AEO

4

Defense Team shall permit anyone to retain AEO Information or any notes generated from AEO Information.

j.   The AEO Defense Team shall maintain AEO Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the AEO Defense Team to see AEO Information; (2) not divulging to anyone other than members of the AEO Defense Team and defendants the contents of AEO Information; and (3) not permitting AEO Information to be outside the AEO Defense Team's offices or personal presence.  AEO Information shall not be left unattended in any vehicle.

k.   To the extent that the AEO Defense Team create notes that contain, in whole or in part, AEO Information, or to the extent that copies are made for authorized use by members of the AEO Defense Team, such notes, copies, or reproductions become AEO Information subject to the AEO Protective Order and must be handled in accordance with the terms of the AEO Protective Order.

l.   The AEO Defense Team shall use AEO Information only for the litigation of this matter, which includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255, and for no other purpose but shall not file any AEO Information without first redacting such information or, in the event that a party needs to file AEO Information with the Court or divulge the contents of AEO Information in court filings, the filing should be lodged for filing under seal and/or in camera.  If the Court rejects the request to file such information under seal and/or in camera, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such

5

party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any AEO Information and make all reasonable attempts to limit the divulging of AEO Information.

   m. The parties agree that any AEO Information inadvertently produced in the course of discovery prior to entry of the AEO Protective Order shall be subject to the terms of the AEO Protective Order.  If AEO Information was inadvertently produced prior to entry of the AEO Protective Order without being marked "ATTORNEYS' EYES ONLY – CONTENTS SUBJECT TO AEO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The AEO Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   n. The parties agree that if any AEO Information contains both AEO Information and another category of Confidential Information pursuant to the previously entered protective orders, the information shall be handled in accordance with the AEO Information provisions of the AEO Protective Order.

   o. AEO Information shall not be used by the AEO Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the AEO Protective Order maintained in the AEO Defense Team's files shall remain subject to the AEO Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return AEO Materials

to the government or certify that such materials have been destroyed.

     p.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the AEO Protective Order before the undersigned defense counsel transfers any AEO Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the AEO Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the AEO Defense Team's custodian of materials designated subject to the AEO Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government or certifying the destruction of all AEO Materials.

     q.   Defense counsel agrees to advise all members of the AEO Defense Team of their obligations under the AEO Protective Order and ensure their agreement to follow the AEO Protective Order, prior to providing members of the AEO Defense Team with access to any materials subject to the AEO Protective Order. Defense counsel also agrees to explain to defendants that they are not permitted to see, review, copy, keep, maintain, summarize, memorialize, or otherwise possess AEO Information and Materials.

IT IS SO ORDERED.

October 29, 2025
DATE

MICHAEL W. FITZGERALD
United States District Judge