# EXHIBIT D

```
10:17:10  1                     UNITED STATES DISTRICT COURT

          2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

          3          HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

          4

          5
              UNITED STATES OF AMERICA,    )
          6                                )
                        Plaintiff,         )
          7                                )
                        vs.                )
          8                                )    2:24-CR-621-MWF
              DEONDRE DONTRELL WILSON,     )
          9   DAVID BRIAN LINDSEY,         )
              ASA HOUSTON,                 )
         10   DURK BANKS,                  )
                                           )
         11             Defendants.        )
              _____)
         12

         13

         14

         15                  REPORTER'S TRANSCRIPT OF HEARING

         16                      Los Angeles, California

         17                     Tuesday, November 18, 2025

         18

         19

         20

         21             _____

         22                   AMY DIAZ, RPR, CRR, FCRR
                              Federal Official Reporter
         23                  350 West 1st Street, #4455
                                Los Angeles, CA 90012
         24

         25
                  Please order court transcripts here:  www.amydiazfedreporter.com
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
10:17:12   1              THE CLERK:  Calling item number one, case number
10:17:16   2    CR-24-621-MWF, United States of America vs. Deondre Dontrell
10:17:23   3    Wilson, David Brian Lindsey, Asa Houston, and Durk Banks.
10:17:29   4              Counsel, please state your appearance for the
10:17:30   5    record.
10:17:32   6              MR. YANNIELLO:  Good morning, Your Honor.  Ian
10:17:33   7    Yanniello, Danny Weiner and Greg Staples on behalf of the
10:17:39   8    United States, and with us at counsel table is FBI Special
10:17:40   9    Agent Jaron Farmdy.
10:17:43  10              MR. FINDLING:  Good morning, Your Honor.  Drew
10:17:44  11    Findling, Marissa Goldberg, Jonathan Brayman, Christy
10:17:47  12    O'Connor on behalf of Mr. Banks, who is present in court
10:17:49  13    today.
10:17:49  14              THE COURT:  All right.  Good morning, Counsel, good
10:17:51  15    morning, Mr. Banks.
10:17:53  16              MR. HARBAUGH:  Good morning, Your Honor.  Craig
10:17:54  17    Harbaugh on behalf of Mr. Wilson, who is present.
10:17:56  18              THE COURT:  Mr. Harbaugh, Mr. Wilson.
10:18:03  19              MS. MOEEL:  Good morning, Your Honor.  Shaffy Moeel
10:18:04  20    on behalf of Mr. Houston, who is present in custody.
10:18:05  21              THE COURT:  All right, Counsel, Mr. Houston.
10:18:05  22              MR. MILLS:  Good morning, Your Honor.  Tillet Mills
10:18:08  23    and Robert Jones on behalf of Mr. Lindsey.
10:18:09  24              THE COURT:  Good morning, Mr. Lindsey, good morning,
10:18:11  25    Counsel.
```

| | |
|---|---|
| 1 10:18:11 | We are here for a hearing on the pretrial motions |
| 2 10:18:18 | which were filed.  After they were filed, a further flurry |
| 3 10:18:23 | arose from the filing the motion for recusal, or |
| 4 10:18:29 | disqualification and dismissal, and then the ex parte |
| 5 10:18:34 | applications related to that. |
| 6 10:18:37 | Having received the first motion and the request |
| 7 10:18:41 | that certain exhibits be filed under seal, which I granted, I |
| 8 10:18:48 | thought it would be useful to discuss a scheduling -- a |
| 9 10:18:55 | schedule for that motion.  And because certain things were |
| 10 10:19:02 | being filed under seal, perhaps that discussion should be |
| 11 10:19:06 | under seal, as well. |
| 12 10:19:07 | Since then, the Government filed its initial |
| 13 10:19:12 | opposition.  And I think it's correct that there are two |
| 14 10:19:14 | issues raised by that motion:  The first, the recusal and its |
| 15 10:19:19 | related request to stay, and then the actual relief. |
| 16 10:19:24 | The Government did file its opposition to recusal |
| 17 10:19:28 | and a stay; and therefore, we can discuss that this morning. |
| 18 10:19:38 | And after that, I think we can then turn to the |
| 19 10:19:42 | other motions. |
| 20 10:19:44 | So the -- I think the Government frankly laid out |
| 21 10:19:47 | why -- I just don't understand the request for the recusal, |
| 22 10:19:52 | either of me or any other judge on this court.  I just -- I |
| 23 10:19:58 | just don't understand what the basis for that would be.  It |
| 24 10:20:02 | could be that if someone were ever brought to justice for the |
| 25 10:20:09 | threats that were made to the magistrate judge, assuming a |

```
 1 10:20:13   crime occurred, and assuming there was a prosecution, then
 2 10:20:16   perhaps it would be appropriate for not just -- for all
 3 10:20:20   judges on this court, not just myself, to recuse themselves
 4 10:20:24   in that.
 5 10:20:25           But here, regardless of what threats would be made
 6 10:20:28   to me or to anybody else, there would be no basis for a
 7 10:20:31   recusal, especially here where it's understood that those
 8 10:20:38   threats, and one presumes any future threats, would not be at
 9 10:20:42   the instigation of these defendants.
10 10:20:43           So again, I know the request has been made, so I
11 10:20:48   want to hear your argument, but I just don't understand what
12 10:20:50   the basis is for any recusals of any Central District judges.
13 10:20:57           So, Counsel, do you want to be heard on that?
14 10:21:03           MR. FINDLING:  Your Honor, I'll start, and then --
15 10:21:07   Drew Findling on behalf of Mr. Banks -- and then I'll kick it
16 10:21:11   off to cocounsel on this issue.
17 10:21:13           First, let me start by telling Your Honor that the
18 10:21:19   Government's response does adhere to the briefing schedule.
19 10:21:23   So we believe that this needs to be addressed in a -- we
20 10:21:26   appreciate the opportunity to initially address it today.
21 10:21:29           THE COURT:  No.  Well, I think there is two issues.
22 10:21:31   The merits that -- of what you are requesting, that there
23 10:21:35   should be either disqualification of the prosecutors or
24 10:21:37   dismissal, that I think does -- that we'll take up at a
25 10:21:42   future date after the briefing is complete.  There will be an
```

| | |
|---|---|
| 1  10:21:46 | opposition, you will file a reply, we'll find a time to hear |
| 2  10:21:52 | it.  What I'm addressing now is just the request for a |
| 3  10:21:55 | recusal and a stay. |
| 4  10:21:57 |        MR. FINDLING:  Sure. |
| 5  10:21:57 |        So, Your Honor, let me first talk about the glaring |
| 6  10:22:02 | omission in the Government's response that you make notice of |
| 7  10:22:06 | is, first of all, there is a little bit of inconsistency, |
| 8  10:22:12 | because on the one hand, my colleagues will be arguing at |
| 9  10:22:16 | some point about the anonymous jury in which the Government |
| 10 10:22:21 | relies on these calls as a reason for that.  So they place |
| 11 10:22:25 | great weight on it there, but as you recall from the filing |
| 12 10:22:29 | that they just did on this issue, they merely call it a few |
| 13 10:22:34 | calls. |
| 14 10:22:34 |        The calls that they reference, the big issue that we |
| 15 10:22:39 | are most concerned about, is entirely left out of the |
| 16 10:22:43 | Government's filing. |
| 17 10:22:44 |        If you will recall, respectfully, Your Honor, if you |
| 18 10:22:49 | will recall, one of the exhibits in our motion that we filed |
| 19 10:22:53 | on this issue was a letter we received from the Government |
| 20 10:22:57 | when we sent them a letter about our concerns about the |
| 21 10:23:02 | revelation that there had been threats to Judge Donahue going |
| 22 10:23:08 | back to February, to Mr. Yanniello in April, but the central |
| 23 10:23:13 | issue was that we were never told. |
| 24 10:23:18 |        In fact, we don't even know to this day, it may be |
| 25 10:23:21 | that Judge Donahue, respectfully, thought we were told and |

| | |
|---|---|
| 1 10:23:27 | decided to waive the issue and not bring it up.  As our |
| 2 10:23:30 | attachments show, there was communications with Your Honor's |
| 3 10:23:33 | chambers, whether it's Your Honor, or other people in your |
| 4 10:23:36 | chambers, may have thought the Government did what I will |
| 5 10:23:39 | call, as an officer of the court, the right thing, and let us |
| 6 10:23:42 | know.  You may have thought that, or your chambers may have |
| 7 10:23:45 | thought that, Judge Donahue may have thought that.  I would |
| 8 10:23:49 | fathom they did think the Government notified us as counsel |
| 9 10:23:54 | in this case, and we waived the issue. |
| 10 10:23:55 | The central issue that is omitted from the |
| 11 10:23:58 | attachment we gave you, which is the Government's letter to |
| 12 10:24:01 | us, is they literally never reference May of 2025.  They |
| 13 10:24:07 | never reference in that letter that we did a detention |
| 14 10:24:11 | hearing for Mr. Banks in which, amongst other things -- and |
| 15 10:24:18 | it was a hearing that was substantive.  It was a change of |
| 16 10:24:22 | circumstances hearing. |
| 17 10:24:22 | In fact, if you look at Judge Donahue's order in it, |
| 18 10:24:26 | it is a substantive review of everything that took place in |
| 19 10:24:29 | that hearing.  So it wasn't a quick 15-minute hearing. |
| 20 10:24:33 | And what we did not know at the time when we were |
| 21 10:24:36 | saying that Mr. Banks should be released on bail, that he was |
| 22 10:24:43 | not a danger to the community, that he was not a threat to |
| 23 10:24:47 | anybody in the case, witnesses or anything like that, we did |
| 24 10:24:50 | not know, the Government did not let us know as counsel for |
| 25 10:24:56 | Mr. Banks, as honorable members of the bar, that had been |

10:25:01 subjected to protective orders, and for attorney eyes only
10:25:05 orders, so we have shown, don't conflate us with allegations
10:25:08 you are making against people on this table.  We are members
10:25:11 of the bar.  You did not bother to let us know that we were
10:25:14 going in front of Judge Donahue, who had herself been
10:25:18 threatened by a third-party.
10:25:20         So to think that we got a fair and impartial hearing
10:25:24 at that time is faux.  It is make-believe.  And it is -- it
10:25:29 is really, Your Honor, as somebody that has been doing this a
10:25:32 long time -- and let me say, actually, loves being a lawyer,
10:25:35 and you will never hear me saying anything adverse in the
10:25:38 public about the people that represent the United States of
10:25:42 America and their job -- but to think so little of us, that
10:25:46 you would not let us know that we had a truly a ridiculous
10:25:51 hearing.
10:25:52         And then for that, to go from there, and to be
10:25:56 reviewed by Your Honor.  Your Honor had the position in June
10:26:01 when we -- to review not only what we said, but in looking at
10:26:06 your order, your order fastidiously studied the order that
10:26:11 was issued by Judge Donahue.
10:26:14         And so everything at that point was tainted.  And
10:26:18 what we didn't know, as our exhibits show, is the extent of
10:26:24 this investigation that was done by the lead FBI agent, that
10:26:30 a decision was made that the lead FBI agent in the case
10:26:34 against Mr. Banks and these codefendants, was the lead

```
 1 10:26:38    investigator in these threats.
 2 10:26:42              And all that communication is in our exhibits, was
 3 10:26:46    shared with Your Honor's chambers.  And the threat to destroy
 4 10:26:52    the building, or whatever, we just assume everybody -- I
 5 10:26:56    mean, assume -- and I'll let -- cocounsel is going to address
 6 10:26:59    this issue, because it was a collaborative effort, the
 7 10:27:02    writing, as you would imagine -- but our thought process
 8 10:27:07    collectively was that this threat was taken very seriously,
 9 10:27:11    because the documents that we have submitted to Your Honor
10 10:27:14    show that the U.S. Marshals Service, shows the FBI, and the
11 10:27:19    Department of Justice didn't look at it, like the most recent
12 10:27:23    filing, a few phone calls; they looked at it as a serious
13 10:27:27    threat.  And we would imagine that that was disseminated.
14 10:27:33    People should know in this courthouse that somebody is making
15 10:27:36    this, what was deemed a viable threat.
16 10:27:39              And so that is the cause of what we consider at this
17 10:27:44    point to have been tainted proceedings.  These have been a
18 10:27:48    direct threat to the constitutional rights of Mr. Banks, his
19 10:27:52    due process rights.
20 10:27:54              I say it again, Your Honor, I'm in total disbelief.
21 10:28:02    Forty years, forty years, and there is not one part of me
22 10:28:05    that can imagine a rationale for letting us walk honestly in
23 10:28:10    front of Judge Donahue and make fools of ourselves.
24 10:28:16              As I said to my cocounsel, talking -- a lot of us
25 10:28:18    have children, when we raise kids, particularly teenagers,
```

| | |
|---|---|
| 1 10:28:21 | you say there is a point and a counterpoint when you have a |
| 2 10:28:24 | debate.  But sometimes I said to my kids, there is no |
| 3 10:28:28 | counterpoint.  When I say to be in by 11, don't come back and |
| 4 10:28:31 | say you can get in by 11:05. |
| 5 10:28:34 | To me, respectfully, there is no counterpoint in |
| 6 10:28:36 | this.  There is no rationale, there is no rationale that you |
| 7 10:28:39 | let defense counsel, that is trying to protect the |
| 8 10:28:44 | constitutional rights of our client, to try to make sure he |
| 9 10:28:47 | has a fair and impartial determination as to whether in this |
| 10 10:28:50 | critical stage in the proceedings, he should be released, so |
| 11 10:28:53 | that he can be free and operate from the outside under the |
| 12 10:28:57 | stringent conditions, and that he's not going to be a threat |
| 13 10:29:00 | to the community, there is no rationale for not saying, we |
| 14 10:29:04 | know that you all have really honored the protective order. |
| 15 10:29:08 | We know you all have really protected the attorney's eyes |
| 16 10:29:12 | only.  You have shown us, okay, we want you to know -- and |
| 17 10:29:17 | maybe they said it a -- we can't let anybody else know, but |
| 18 10:29:21 | you should know before you argue, there is no rationale that |
| 19 10:29:24 | the Government can come up here and say, as my colleague |
| 20 10:29:28 | Mr. Brayman said, who has been a bird dog on case law around |
| 21 10:29:31 | the country, he says over and over again, "Find me a case |
| 22 10:29:36 | where a judge has told the Government, whether it be a state |
| 23 10:29:41 | sovereign or the United States of America, it's okay to keep |
| 24 10:29:44 | secrets and make fools of your opposing counsel," because |
| 25 10:29:47 | such a case does not exist. |

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1 10:29:49              Because the one thing that we have, and more
 2 10:29:51   importantly, Mr. Banks has, is the Constitution.  And so we
 3 10:29:57   operate under the thought process with this threat to the
 4 10:30:01   courthouse, that this was taken -- and that is why we have
 5 10:30:04   overloaded you with exhibits, and we want -- we deeply want
 6 10:30:07   an evidentiary hearing, because we have talked about it, we
 7 10:30:11   are like, the Court may have just thought that we knew.  The
 8 10:30:16   Court may have thought we knew, and just went ahead and
 9 10:30:21   thought we waived the issue.  We have no doubt that is a
10 10:30:24   major possibility, thought, yeah, the Government would never
11 10:30:29   keep a secret like that, never.  That would never happen.
12 10:30:32   But we didn't know.
13 10:30:33              So that is my thought process.  I know I want to
14 10:30:37   give time to my colleagues who want to address the same issue
15 10:30:41   with the Court's permission.
16 10:30:42              I think I'll pass to Mr. Harbaugh at this time.
17 10:30:47              MR. HARBAUGH:  Your Honor, just very briefly, and I
18 10:30:54   just want to address the objections that were filed.
19 10:30:58              So we appreciate the Court honoring our request to
20 10:31:03   have this public, because we think it is --
21 10:31:05              THE COURT:  I just want to repeat, Mr. Harbaugh,
22 10:31:08   when I suggested that it might be closed, it was solely in
23 10:31:11   regard to scheduling, and if the defense, which had requested
24 10:31:14   that certain exhibits be filed under seal, wish to have a
25 10:31:18   full discussion of those.  It's -- once the Government filed
```

| | |
|---|---|
| 1 10:31:21 | its opposition, it was never my intention to have anything |
| 2 10:31:25 | other than a public hearing. |
| 3 10:31:27 |       MR. HARBAUGH:  Thank you, Your Honor.  My -- our |
| 4 10:31:30 | apologies.  It was -- we were just going off the Court's |
| 5 10:31:33 | scheduling order.  So I appreciate that. |
| 6 10:31:35 |       THE COURT:  Which was filed about 10 minutes after I |
| 7 10:31:37 | read your motion.  So it's -- obviously, there is a lot of |
| 8 10:31:40 | water under the bridge since then. |
| 9 10:31:42 |       So go ahead. |
| 10 10:31:43 |       MR. HARBAUGH:  Understood, Your Honor. |
| 11 10:31:44 |       So my focus here is really on the -- our request for |
| 12 10:31:50 | a stay pending resolution of the recusal with full fact |
| 13 10:31:56 | development. |
| 14 10:31:57 |       And, Your Honor, at this -- the problem that the |
| 15 10:31:59 | defense has, is we don't know what we don't know.  We have |
| 16 10:32:03 | very limited discovery that the Government provided to us |
| 17 10:32:08 | only with the goal of relying upon that evidence in support |
| 18 10:32:15 | of their motion for an anonymous jury. |
| 19 10:32:18 |       It was not disclosed to us to inform us as to what |
| 20 10:32:23 | is going on behind the scenes, that there are threats to the |
| 21 10:32:28 | judiciary in this case.  It wasn't to keep us apprised.  It |
| 22 10:32:33 | was solely for the Government's benefit, so they could pursue |
| 23 10:32:37 | an anonymous jury.  And, yes, it was maybe a few days before, |
| 24 10:32:41 | but it was for the filing.  Clearly, that was the sole |
| 25 10:32:45 | intent. |

```
1  10:32:45            And so, Your Honor, we have some piecemeal
2  10:32:48   information, and the defense certainly has a reasonable
3  10:32:52   basis, and at this point we would reserve on whether, and to
4  10:32:56   the extent which judges knew, but it's a reasonable inference
5  10:33:00   that the courthouse was informed of this threat of causing
6  10:33:08   damage to the entire building.
7  10:33:10            And so, Your Honor, the -- the defense has been at
8  10:33:19   an incredible disadvantage, which is why we think a
9  10:33:24   substantive evidentiary hearing should be ordered by the
10 10:33:29   Court, so we can address these issues.
11 10:33:32            And our concern, and I apologize for jumping the
12 10:33:34   gun, is that the Court was going to summarily deny the
13 10:33:39   recusal motion, and then just proceed to the merit -- the
14 10:33:42   substantive pretrial motions that the parties have filed.
15 10:33:45            And, Your Honor, even if the evidence --
16 10:33:49            THE COURT:  Go ahead, Mr. Harbaugh.  Go ahead.
17 10:33:53            MR. HARBAUGH:  Your Honor, even if the Court was not
18 10:33:57   personally aware, the issue is what the public would perceive
19 10:34:02   would be the appearance of bias based upon these looming
20 10:34:07   threats, not by our clients, but in their names, specifically
21 10:34:12   invoking their names.
22 10:34:14            And so, Your Honor, based upon that, we think the
23 10:34:16   most prudent course is to schedule expeditiously a hearing on
24 10:34:23   the recusal, and that the Court defer on the substantive
25 10:34:26   motions today.
```

10:34:27      THE COURT:  Thank you.

10:34:29      Do any other defense counsel wish to be heard?

10:34:33      Does the Government wish to be heard?

10:34:36      MR. YANNIELLO:  Briefly, Your Honor.

10:34:37      We understand that the arguments that counsel is making, Mr. Findling, but that is conflating the issue.  The issue before Your Honor is whether Your Honor can be perceived as a biased arbiter of fact here.  Mr. Findling, his entire argument was based on what occurred before the magistrate judge.

10:35:00      One thing I do agree with both counsel on is that the threats here have not been linked to any of the defendants in this case.  They were third-party actors.  And it would be not only counterintuitive, but it would defy binding circuit law if judges could be recused based on third-parties or people, even the defendants threatening or trying to intimidate the judge.

10:35:26      There is binding law on this point in *Clemons vs. United States District Court*, the judge did not recuse, even though the underlying litigation was three -- a person who threatened three different Central District judges, three different judges, and the District Judge still proceeded in that case.

10:35:47      The Government's position is the Court can and should categorically reject and summarily deny the request to

| | | |
|---|---|---|
| 1 | 10:35:53 | recuse.  There is no basis to perceive that this Court can |
| 2 | 10:35:56 | proceed in any fashion other than fair and impartial. |
| 3 | 10:36:00 |         THE COURT:  Thank you. |
| 4 | 10:36:02 |         MR. FINDLING:  May I respond briefly, Your Honor? |
| 5 | 10:36:04 |         THE COURT:  You may. |
| 6 | 10:36:05 |         MR. FINDLING:  Thank you. |
| 7 | 10:36:05 |         Your Honor, I respectfully disagree with the |
| 8 | 10:36:10 | Government when they say that -- my words are very clear to |
| 9 | 10:36:13 | Your Honor, and I remember very well, I believe Your Honor |
| 10 | 10:36:17 | gave us a lengthy hearing on June 2nd.  We had the grand jury |
| 11 | 10:36:22 | hearing on the transcripts that Ms. O'Connor did, and then |
| 12 | 10:36:26 | the detention hearing was actually a lengthy hearing. |
| 13 | 10:36:30 |         You took that under advisement, and then you |
| 14 | 10:36:32 | issued -- you can see your own order -- you gave a very |
| 15 | 10:36:36 | substantive analysis, not only the hearing, but you gave a |
| 16 | 10:36:39 | substantive analysis of the decision that was made by the |
| 17 | 10:36:44 | magistrate in May. |
| 18 | 10:36:46 |         And if I remember correctly, in the sheet, it |
| 19 | 10:36:51 | references in your order, it lists like the documents |
| 20 | 10:36:54 | reviewed, or something like that, and I want to say all of |
| 21 | 10:36:56 | them had May dates, if my memory serves me correctly. |
| 22 | 10:37:01 |         And so while we see the documents going back and |
| 23 | 10:37:06 | forth to your chambers, we don't know what was communicated |
| 24 | 10:37:09 | to you.  But here is what we do know:  We do know that you |
| 25 | 10:37:14 | were analyzing the May decision by Judge Donahue, who was |

```
10:37:21   1    well informed of this threat.
10:37:23   2              And so it wasn't just about Judge Donahue, it's that
10:37:29   3    you were in a position -- and again, we say the same thing,
10:37:31   4    we don't know if you or Judge Donahue thought we knew, we
10:37:35   5    have no idea.  And we -- and we concur on the staying the
10:37:39   6    proceedings.  You know, we want to move forward as hard as
10:37:44   7    anybody else, but we feel that, we have fully explained to
10:37:46   8    our client that we have a constitutional responsibility to
10:37:50   9    stay and exhaustively look at this issue.
10:37:53  10              And as Mr. Harbaugh said, it's really clear, it's
10:37:56  11    the appearance, it's the appearance of impropriety, and that
10:37:59  12    is something that the Government didn't talk about, and quite
10:38:02  13    frankly, they can't talk about, because there is no
10:38:06  14    counterpoint, it's indefensible.
10:38:08  15              THE COURT:  Well, that will be addressed later as to
10:38:12  16    what the Government did, and how dire it is.
10:38:16  17              On the matter that is currently before me, the first
10:38:22  18    is should the request for recusal be referred to a different
10:38:26  19    judge?  The rules in this district are very clear, where that
10:38:32  20    it is -- it is consistent with statute that the matter should
10:38:38  21    first be considered by the judge to whom the request is made.
10:38:41  22              And keeping that in mind, the request is denied.
10:38:47  23    There is no basis here for either my recusal, or for that
10:38:52  24    matter, Judge Donahue's recusal.
10:38:56  25              And I disagree that counsel were made fools of.  I
```

```
1  10:39:02  just don't think that is true.  But that is -- I know that
2  10:39:04  you sincerely do believe that, and we'll discuss that at the
3  10:39:08  next hearing.
4  10:39:09          For now, it simply is not the case, and the
5  10:39:15  Government is correct about the case law, that actions in
6  10:39:20  this case can force a judge off the case.  Of course, this is
7  10:39:26  never going to happen, but even if one of the defendants here
8  10:39:29  were to stand up and threaten me in open court, I would hold
9  10:39:33  that person in contempt, but that would not be a basis for me
10 10:39:36  to be recused from the case.
11 10:39:40          Like I said, it's one thing if someone were to be
12 10:39:43  indicted and separately prosecuted for threats, but that is
13 10:39:48  not the situation that we have here.
14 10:39:50          Rather, the situation is, can someone unilaterally
15 10:39:57  force assigned judges off a case by making threats?  And the
16 10:40:01  answer to that question is no.  And it has to be, because
17 10:40:05  otherwise, there would be a -- there would be a reason that
18 10:40:10  people might want to do that.
19 10:40:13          Here, it's especially the case where at no time has
20 10:40:16  anyone thought that the defendants here had any role in this.
21 10:40:21  It was clearly someone who just was agitated and acted out,
22 10:40:28  and did something that should never have been done, but that
23 10:40:31  just has nothing to do with these defendants; and therefore,
24 10:40:36  there is simply no basis for my recusal, Judge Donahue's
25 10:40:42  recusal, or to stay anything.
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

| | |
|---|---|
| 1 10:40:45 | The request for recusal is denied, and we will go |
| 2 10:40:49 | forward with the current schedule. |
| 3 10:40:51 | You know, the Government raised in its opposition |
| 4 10:40:54 | the thought that this is, in essence, an attempt to obtain a |
| 5 10:41:05 | continuance with counsel knowing the Government would object |
| 6 10:41:08 | to that. |
| 7 10:41:09 | I do take your views here, and your agitation |
| 8 10:41:15 | seriously, and know that they are sincerely held, but the |
| 9 10:41:19 | fact is if one of the defendants feels that there needs to be |
| 10 10:41:22 | a continuance of this trial, I'm not in favor of that, |
| 11 10:41:26 | clearly the Government isn't, probably many of the defendants |
| 12 10:41:29 | and counsel are not, as well, then the request should just be |
| 13 10:41:32 | made here, and I'll consider it.  Is there -- is it necessary |
| 14 10:41:36 | to have a continuance here? |
| 15 10:41:39 | But to do that gratuitously when I would either |
| 16 10:41:44 | recuse myself, when there is no basis, or even refer it to |
| 17 10:41:47 | another judge in this district, when there is no basis, then |
| 18 10:41:51 | that just would be inappropriate, when it would likely lead |
| 19 10:41:57 | to a continuance, which is something I don't want, I know the |
| 20 10:42:04 | Government doesn't want it, because it said so, and it could |
| 21 10:42:07 | well be that many of the defendants and counsel don't want |
| 22 10:42:09 | it, either.  So all the more reason that the request should |
| 23 10:42:14 | be denied. |
| 24 10:42:14 | However, the second half of your motion, which is |
| 25 10:42:18 | that the Government has done something which is sufficient to |

```
 1 10:42:24   require some other sort of relief than recusal is something
 2 10:42:29   that we'll take up at the appropriate time.
 3 10:42:31            Let me now turn to the numerous motions which are
 4 10:42:38   here.
 5 10:42:44            The motion in limine, properly brought, as counsel
 6 10:42:47   said, early enough so it can affect how a trial is prepared,
 7 10:42:54   is obviously tied, then, to the motion to sever.
 8 10:42:59            And the purported 404(b) evidence is so voluminous
 9 10:43:08   and so many different sorts that I'm just not prepared to
10 10:43:12   address that today.  So we'll address that at our next
11 10:43:15   hearing.  And there likewise, then, is -- we will address the
12 10:43:21   motion to sever after the dust settles on the 404(b) motion.
13 10:43:28            What we are left with, then, is the motion to
14 10:43:33   dismiss for vagueness, or in the alternative, for the bill of
15 10:43:37   particulars, the motion to dismiss Count 4, the motion for an
16 10:43:47   early -- to suppress evidence, which might have been mooted
17 10:43:52   by the Government's concessions in its opposition, I wasn't
18 10:43:57   clear on that, the motion for an early return of Jencks Act
19 10:44:01   material, and as was mentioned, the Government's request for
20 10:44:04   an anonymous jury.
21 10:44:06            So let's start taking those up.
22 10:44:10            Let me hear counsel on Mr. Banks's motion, in which
23 10:44:16   the other defendants join, to dismiss for vagueness or the
24 10:44:19   bill of particulars.
25 10:44:21            MS. O'CONNOR:  Thank you, Your Honor.
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER