1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   IAN V. YANNIELLO (Cal. Bar No. 265481)
5  GREGORY W. STAPLES (Cal. Bar No. 155505)
   DANIEL H. WEINER (Cal. Bar No. 329025)
6  Assistant United States Attorneys
        1400/1500 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
9       E-mail:   ian.yanniello@usdoj.gov
                  greg.staples@usdoj.gov
10                daniel.weiner@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13                FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,              No. CR 24-621(B)-MWF

15              Plaintiff,                STIPULATION REGARDING REQUEST FOR
                                          (1) CONTINUANCE OF TRIAL DATE AND
16              v.                        (2) FINDINGS OF EXCLUDABLE TIME
                                          PERIODS PURSUANT TO SPEEDY TRIAL
17 DURK BANKS, et al.,                    ACT

18
                                          **CURRENT TRIAL DATE:**   01/20/2026
19              Defendants.               **PROPOSED TRIAL DATE:**  05/04/2026

20

21

22

23      Plaintiff United States of America, and defendant DEANDRE

24 DONTRELL WILSON ("defendant WILSON"), both individually and by and

25 through his counsel of record, Craig A. Harbaugh; defendant DAVID

26 BRIAN LINDSEY ("defendant LINDSEY"), both individually and by and

27 through his counsel of record, Robert A. Jones and Tillet J. Mills;

28 and defendant ASA HOUSTON ("defendant HOUSTON"), both individually

and by and through his counsel of record, Shaffy Moeel, ("the Stipulating Defendants"), hereby stipulate as follows:

1.    The First Superseding Indictment in this case was filed on November 7, 2024.  Defendant DURK BANKS ("defendant BANKS") first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025.  Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2025.  Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025.  Defendant LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025.

2.    On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025.  On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025.  On November 21, 2024, for defendant HOUSTON, the Court set a trial date of January 14, 2025.  On November 22, 2024, for defendant LINDSEY, the Court set a trial date of January 14, 2025.

3.    On January 2, 2025, the Court continued the trial date to October 14, 2025 for all defendants and made relevant excludable time findings under the Speedy Trial Act.

4.    The Second Superseding Indictment was filed as to all defendants on May 1, 2025.  On September 17, 2025, the Court continued the trial date to January 20, 2026 and made relevant excludable time findings under the Speedy Trial Act.

5.    All defendants are detained pending trial.  The government estimates that its case-in-chief will last approximately two to three weeks.  All defendants are joined for trial and a severance has not been granted.

6.    By this stipulation, the Stipulating Defendants move to continue the trial date to May 4, 2026.  Additionally, the parties[1] move to set the following pretrial schedule:

a.    Defendants' reciprocal discovery deadline: March 9, 2026

b.    Motions *in limine*, including motions regarding experts:

i.    Motions due: March 16, 2026

ii.   Oppositions due: March 30, 2026

iii.  Optional replies due: April 6, 2026

iv.   Hearing date/pretrial conference: April 13, 2026

7.    This is the third request for a continuance.

8.    The Stipulating Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    All defendants are charged with violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to

---

[1] The parties, including counsel for defendant BANKS, met and conferred regarding the proposed briefing schedule and deadlines set forth below.

3

1  Commit Murder-For-Hire Resulting in Death; 18 U.S.C.

2  §§ 2261A(2)(A),(B), 2261(b)(1): Stalking Resulting in Death; and 18

3  U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and

4  Discharge of Firearms and Machinegun, and Possession of Such

5  Firearms, in Furtherance of a Crime of Violence, Resulting in Death.

6  Discovery in this case includes, among other things, hundreds of

7  gigabytes of digital evidence such as audio/video recordings,

8  surveillance footage, and extractions of digital devices; and over

9  30,000 pages of records and reports concerning murder and other

10 violent acts, photographs, witness statements, and medical documents.

11        b.   Due to the nature of the prosecution and the number of

12 defendants, including the charges in the indictment and the

13 voluminous discovery, this case is so unusual and so complex that it

14 is unreasonable to expect adequate preparation for pretrial

15 proceedings or for the trial itself within the Speedy Trial Act time

16 limits.

17        c.   Defense counsel represent that they have various

18 substantive obligations which necessitate the continuance of the

19 trial to May 4, 2026.  The list of obligations for defense counsel is

20 attached hereto as Appendix A and is incorporated as if fully set

21 forth herein.

22        d.   In light of the foregoing, counsel for the Stipulating

23 Defendants also represent that additional time is necessary to confer

24 with defendants, conduct and complete an independent investigation of

25 the case, conduct and complete additional legal research including

26 for potential pre-trial motions, review the discovery and potential

27 evidence in the case, and prepare for trial in the event that a

28 pretrial resolution does not occur.  Defense counsel represent that

failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.   The Stipulating Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f.   The government does not object to the continuance.

g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from the date this stipulation is filed to May 4, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the

continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Defendant BANKS does not join in the stipulation to continue the trial in this matter. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation is filed to May 4, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

///

///

1    11.   Nothing in this stipulation shall preclude a finding that

2    other provisions of the Speedy Trial Act dictate that additional time

3    periods be excluded from the period within which trial must commence.

4    Moreover, the same provisions and/or other provisions of the Speedy

5    Trial Act may in the future authorize the exclusion of additional

6    time periods from the period within which trial must commence.

7         IT IS SO STIPULATED.

8    Dated: January 5, 2026            Respectfully submitted,

9

10                                     TODD BLANCHE
                                       Deputy Attorney General

11                                     BILAL A. ESSAYLI
                                       First Assistant United States
12                                     Attorney

13                                     ALEXANDER B. SCHWAB
                                       Assistant United States Attorney
14                                     Acting Chief, Criminal Division

15
                                            /s/
16                                     _____
                                       IAN V. YANNIELLO
17                                     GREGORY W. STAPLES
                                       DANIEL H. WEINER

18                                     Assistant United States Attorneys

19                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27

28

                                    7

1      I am DEANDRE DONTRELL WILSON's attorney.  I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client.  I have fully informed my client of his

4  Speedy Trial rights.  To my knowledge, my client understands those

5  rights and agrees to waive them.  I believe that my client's decision

6  to give up the right to be brought to trial earlier than May 4, 2026

7  is an informed and voluntary one.

8

9  _____     12 / 19 / 25     *
    CRAIG HARBAUGH               Date
    Attorney for Defendant

10  DEANDRE DONTRELL WILSON

11

12      I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than May 4, 2026.

16

17  _____     12/19/25
    DEANDRE DONTRELL WILSON       Date

18  Defendant

19  *Prior to preparation and filing of the stipulation, undersigned counsel advised

20  all parties that counsel has a trial currently set for May 4, 2026 in *United States v. Henley*, Case No. 2:25-CR-211-FLA. Notwithstanding that

21

22  disclosure, May 4, 2026 was the only trial date available that accommodated all defendants in this case, and the parties therefore agreed to that date.

23

24  Counsel notes that in *Henley*, counsel for other co-defendants (not counsel's own client) have moved to continue the trial, and the Court in that matter is

25  expected to rule on or before January 6, 2026. Counsel submits this statement

26  solely to disclose the potential conflict and to preserve the Court's discretion to address scheduling as appropriate should the conflict remain.

27

28

1        I am DAVID BRIAN LINDSEY's attorney.  I have carefully discussed

2    every part of this stipulation and the continuance of the trial date

3    with my client.  I have fully informed my client of his Speedy Trial

4    rights.  To my knowledge, my client understands those rights and

5    agrees to waive them.  I believe that my client's decision to give up

6    the right to be brought to trial earlier than May 4, 2026 is an

7    informed and voluntary one.

8    _____        01/02/2026

9    ROBERT A. JONES                          Date
     TILLET J. MILLS
10   Attorney for Defendant
     DAVID BRIAN LINDSEY

11

12
         I have read this stipulation and have carefully discussed it
13
     with my attorney.  I understand my Speedy Trial rights.  I
14
     voluntarily agree to the continuance of the trial date, and give up
15
     my right to be brought to trial earlier than May 4, 2026.
16

17   _____        01-02-2026

18   DAVID BRIAN LINDSEY                       Date
     Defendant

19

20

21

22

23

24

25

26

27

28

9

1    I am ASA HOUSTON's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than May 4, 2026 is an

7  informed and voluntary one.

8

9  _____        12/28/2025
   SHAFFY MOEL                             Date
10 Attorney for Defendant
   ASA HOUSTON

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than May 4, 2026.

16

17 _____        12/18/2025
   ASA HOUSTON                             Date
18 Defendant

19

20

21

22

23

24

25

26

27

28

# APPENDIX A

**Counsel for Defendant Wilson:**

1.  United States v. Eugene Henley, 25-cr-211-FLA-1 (Eugene Henley), RICO/VICAR, trial date May 4, 2026;

2.  United States v. Artuni, et al., 25-cr-434-JLS-3 (Davit Hazryan), RICO/VICAR, trial date August 4, 2026;

3.  United States v. Aguilar, et al., 25-cr-413-AB-3 (Dennis Anaya Urias), death eligible matter, trial date July 21, 2026; and

4.  United States v. Julian Pulido, et al., 25-cr-147-FLA-1, death eligible matter, trial date November 3, 2026.

**Counsel for Defendant Lindsey:**

1.  United States v. Obando, 25-cr-146 (S.D. Texas), trial on January 20, 2026;

2.  United States v. Rogers, 23-cr-96 (S.D. Texas), trial on February 9, 2026;

3.  United States v. Snell, 24-cr-347 (S.D. Texas), trial on February 17, 2026;

4.  State of Texas v. Williams, Case No. 23-1895-K368, trial on March 6, 2026;

5.  United States v. Harris, 24-cr-565 (S.D. Texas), trial on March 16, 2026; and

6.  United States v. Stokes, 25-cr-329 (S.D. Texas), trial on March 30, 2026.