UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.     **CR 24-621(B)-MWF**                                        Date: February 26, 2026

Present: The Honorable:     **MICHAEL W. FITZGERALD, United States District Judge**

Interpreter     Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Gregory W. Staples, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 2) Deandre Dontrell Wilson | Not | X | | 2) Craig A. Harbaugh | Not | | X |
| 4) David Brian Lindsey | Not | X | | 4) Tillet J. Mills, II | Not | | X |
| | | | | Robert A. Jones | | | |
| 5) Asa Houston | Not | X | | 5) Shaffy Moeel | Not | | X |
| 6) Durk Banks | Not | X | | 6) Christy O'Connor | Not | | X |
| | | | | Drew Findling | | | |
| | | | | Jonathan M. Brayman | | | |
| | | | | Marissa H. Goldberg | | | |

**Proceedings:    (IN CHAMBERS) ORDER DENYING DEFENDANT DURK BANKS'S MOTION FOR A BILL OF PARTICULARS [227]**

Before the Court is Defendant Durk Banks's Motion for a Bill of Particulars (the "Motion") (Docket No. 227), which was joined by Defendants Deandre Dontrell Wilson (Docket No. 247), Asa Houston (Docket No. 248), and David Brian Lindsey (Docket No. 249). The Court previously denied the Motion to the extent it sought to dismiss the Second Superseding Indictment for vagueness. The Court nevertheless allowed Defendant Banks to file a Supplement Regarding His Motion for a Bill of Particulars, which was filed under seal on January 5, 2026. (Docket No. 339). The government filed a Second Supplemental Opposition to the Motion on January 23, 2026. (Docket No. 349). Defendant Banks filed a Response on February 3, 2026. (Docket No. 374).

For the reasons stated earlier on the record and also in the government's Second Supplemental Opposition, the Motion is **DENIED**. Specifically, the Second Superseding Indictment and the disclosures made by the government are sufficient to inform Defendant Banks of the government's theory of the case and obviate the need for a bill of particulars. *See United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1979).

IT IS SO ORDERED.