DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>DURK BANKS,<br><br>    Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM OFFERING THEIR OWN PRIOR STATEMENTS**<br><br>**Hearing Date/Time: August 13, 2026 at 10:00 A.M.** |

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files this Response to the Government's Motion in Limine No. 4 to Preclude Defendants from Offering their Own Prior Statements. This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Government has filed Motion in Limine No. 4 seeking generally to preclude and/or limit admission of statements of Mr. Banks and/or alleged co-conspirators which he may use during cross-examination of witnesses.  Mr. Banks is cognizant of the jurisprudence which prevents him from offering his own statements into evidence without opening himself to cross-examination, subject to being allowed to avail himself of the ability to introduce additional portions of a prior statement under the Rule of Completeness or other applicable rule.  Fed. R. Evid. 106; see also United States v. Collicott, 92 F.3d 973, 982-83 (9th Cir. 1996) (describing Rule 106 as the "rule of completeness" and explaining that the rule allows a party to introduce additional portions of a document or recording when her adversary admits only a portion of the document or recording); United States v. Lopez, 4 F.4th 706, 715 (9th Cir. 2021) (statements that would otherwise be inadmissible hearsay are admissible under Rule 106 for the non-hearsay purpose of minimizing the risk that the jury will be misled by the government's selective editing) United States v. Wilde, No. CR-12-0144 EMC, 2015 LX 30034, at *10 (N.D. Cal. Jan. 13, 2015) ("the Federal Rules of Evidence will not allow the Government to admit misleading snippets of Defendant Wilde's out-of-court statements as party admissions, while excluding other out-of-court statements that provide context to the Government's evidence").

In anticipation of evidentiary disputes, the Government proposes that the Court order Mr. Banks to

i) provide the Government and the Court a preview, prior to each trial day, of any statement of Mr. Banks or co-conspirator purportedly admissible under R. 106; and

ii) that Mr. Banks be required to provide the Government with notice of the statements that he intends to use in his case-in chief no later than one week before trial.

Mr. Banks does not intend to engage in any conduct which would create a delay of Court proceedings.  However, there are concerns with the identification or production

2

of evidence to the Government pursuant to the suggested time frames.  Trials are fluid, and the use of a statement will necessarily depend on how and when the Government introduces the evidence on direct examination and what the witness states.

As to the request to produce any statement of Mr. Banks or any alleged co-conspirator purportedly admissible under R. 106 prior to each trial day, that could become problematic as the timing, length or content of a witness' testimony is unknown. As an alternative, Mr. Banks would agree to notify the Government of any R. 106 materials at or before the commencement of cross-examination of the witness.

The Government also seeks a Court Order that Mr. Banks provide them with notice of the statements that Mr. Banks intends to use in his case-in-chief no later than one week before trial.   Mr. Banks has informed the Government that they may use any of the statements which the Government has produced in discovery.  Requiring Mr. Banks to specifically identify what statements he intends to use in his case-in-chief may not be possible because Mr. Banks anticipates introducing all relevant information on cross-examination of witnesses during the Government's case-in chief.  If that changes, Mr. Banks will alert the Government of which specific statements will be used as soon as they are identified but no later than prior to commencement of the defense case-in chief.

**WHEREFORE**, Mr. Banks respectfully requests a hearing on this Motion and at the conclusion of same, asks this Honorable Court to adopt the suggested time frames set for above for identification of R. 106 materials.

Respectfully submitted,

Dated: This 7th day of August, 2026.          BY:   /s/ *Brian Steel*

Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

3