DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>     Plaintiff,<br><br>     v.<br><br>DURK BANKS,<br><br>     Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' REPONSE TO GOVERNMENT MOTION IN LIMINE NO. 1 FOR A LIMITED GAG ORDER PROHIBITING EXTRAJUDICIAL STATEMENTS**<br><br>**Hearing Date/Time: August 13, 2026 at 10:00 a.m.** |

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files this response to the government's motion in limine for a limited gag order prohibiting extrajudicial statements. Dkt. No. 491.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court deems appropriate.

Respectfully submitted,

Dated:   August 7, 2026                    BY:    /s/ *Christy O'Connor*
Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

At bottom, the government's motion requests a partial gag order that would prohibit counsel's extrajudicial statements on the following topics:

1. The character or reputation of the parties;

2. The expected testimony of a party or witness;

3. The strengths and weaknesses of any party's case;

4. Evidence that has been ruled inadmissible, and which would create a substantial risk of prejudice if disclosed.

Dkt. No. 491 at 5.

Mr. Banks does not believe that a gag order is necessary. Counsel for both parties are ethical and professional. The Court should deny the government's motion as unnecessary and unripe. Should an issue arise (and it likely will not), the Court will act accordingly at the urging of the complaining party. Any resulting gag order should be narrow, confined at the very most to categories one, two, and four, above. A gag order that would prevent counsel from expressing opinions on the strength of his defense—a prohibition that would potentially prohibit counsel from, for example, expressing confidence in a favorable outcome for Mr. Banks—would be overbroad and unfair, given the government's history of publicly-aimed statements on Mr. Banks' guilt.

### I.    The Government's Narrative Predominates.

The government has propounded a very public and very detailed narrative of Mr. Banks' (and co-defendants') guilt, complete with a laundry list of purported evidence against him-- some of which could never reasonably be expected to be admitted at trial. It would be unfair to hamstring the defense in a way that the government has not limited itself.

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charge . . ." Fed. R. Crim. Proc. 7(c)(1). The indictments against Mr. Banks (four of them, to date) run roughshod over Rule 7's conservative prescription. At the risk of re-ringing the bell, we touch on but a

couple of examples of how the indictments here have been aimed at public consumption. They mention that one co-defendant was previously acquitted of murder, a fact that no attorney in good faith could reasonably expect to be admitted at trial against him. They include unnecessary photographs of scary masked gunmen, a car allegedly being tailed through the streets of Los Angeles, and an unreleased music video (this, after the court had ruled that music videos were generally inadmissible). There is no reason to include photographs in an indictment except to influence the public's opinions about a case. As one would expect, each new indictment has been covered in detail by the likes of Rolling Stone, Yahoo News, LA Magazine, Complex, The Source, and various radio shows and podcasts. That press coverage is as recent as the date of this filing.

In addition to its speaking indictments, the Department of Justice has built a case for Mr. Banks' guilt through multiple press releases that reiterate the government's evidentiary narrative. *See* Department of Justice, *Chicago Rapper Lil Durk Arrested on Complaint Alleging He Ordered Murder Attempt that Resulted in Fatal Shooting Near Beverly Center* (Oct. 25, 2024), https://www.justice.gov/usao-cdca/pr/chicago-rapper-lil-durk-arrested-complaint-alleging-he-ordered-murder-attempt-resulted; Department of Justice, *Chicago Rapper Lil Durk Charged in Superseding Indictment Alleging Murder-for-Hire Plot to Kill Rival Near Beverly Center Mall in 2022* (November 8, 2024), https://www.justice.gov/usao-cdca/pr/chicago-rapper-lil-durk-charged-superseding-indictment-alleging-murder-hire-plot-kill. Those press releases contain unnecessary and prejudicial editorializing that reemphasize facts in the speaking indictments and mention additional facts. *See id.* (among other things, emphasizing how the charged crime, a "cold-blooded murder," endangered innocent people at a busy intersection is "devastating to our community").

2

## II.    A Gag Order is Not Necessary, and the Government's Proposal is Overbroad.

A gag order is not necessary here. All defense counsel are capable of behaving ethically and reasonably. Should a future need arise for Court intervention, then in fairness given the press coverage the government's own statements have garnered, and in order to comport with the Constitution, the gag order should be narrowly tailored. *See, e.g., United States v. Brown*, 218 F.3d 415, 429-30 (5th Cir. 2000) ("[W]e observe that the district court did not impose a 'no comment' rule, but instead left available to the parties various avenues of expression, including assertions of innocence, general statements about the nature of an allegation or defense, and statements of matters of public record."); *Chi. Council of Lawyers v. Bauer*, 522 F.2d 242, 251 (7th Cir. 1975) ("We do not believe that there can be a blanket prohibition on certain areas of comment – a per se proscription—without any consideration of whether the particular statement posed a serious and imminent threat or interference with a fair trial"). Any future order, if necessary at all, should not limit defense counsel's ability to express an opinion on the strength or weakness of either party's case or on a client's innocence.

## III.    Conclusion.

The government should not be permitted to throw rocks and then hide its hands. Throughout this case, the government has conducted itself with an eye towards the press, and Mr. Banks has responded on occasion in an attempt to balance out the public's perception. No Court order is necessary here. In the unlikely event it becomes necessary in the future, it should be narrowly tailored and should not prohibit defense counsel from opining on Mr. Banks' innocence or the strength of either party's case.