DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
        marissa @findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, CA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>       Plaintiff,<br><br>   v.<br><br>DURK BANKS,<br><br>       Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE NO. 5 TO ADMIT THE "PISSED ME OFF" MUSIC VIDEO AND AUDIO**<br><br>**Hearing**<br><br>Date:      August 13, 2025<br>Time:      10:00 a.m.<br>Courtroom:  5A<br>Judge:    Hon. Michael W. Fitzgerald |

## I.   **INTRODUCTION**

In their motion, the government has made two significant errors, each of which have been endemic in this case: (1) they have ignored the prior order of this Court, and (2) they have seemingly relied on their own assumptions based on "open source" (i.e. "googling") information instead of employing actual investigative methods to determine the accuracy of their arguments. Both errors are fatal to this motion.

## II.   **THE PRIOR ORDER OF THE COURT REGARDING MUSIC VIDEOS**

On February 13, 2026, this Court issued an order after the February 9th motions hearing that was comprehensive and clear. (Doc. 380). In relevant portion, this Court disallowed all music videos from the trial of this case unless one of two criteria were sufficiently met by the government. First, the Court left open the possibility that, as the government claimed, a particular music video was "*proof of the bounty rewarded* to alleged co-conspirators" in this case, they could seek its admission. (Doc. 380 at 12). Second, the Court left open an allowance for one music video solely for the purpose of depicting the relationship between Defendant Wilson and others, "assuming that the particular video is not unduly prejudicial." (Id.)  The government seeks the admission of a music video entitled, "Pissed me Off" and does not even claim to have made this request under one of these two categories. There is no justification given for why the government has ignored the prior Order of the Court.

The government argues that the lyrics and imagery are "relevant and material to issues the jury must resolve at trial." (Doc. 495 at 2) They make many of the same arguments they made before the Court in the prior briefing and at the February 9 hearing that this Court has already rejected. They offer no explanation for not including this song in their prior disclosures (this video has been publicly available since 2021) nor do they explain why they are not following the Court's clear directives in the Order.

Even if the government had attempted to follow the Court's order, they would fail. This video could not have been a bounty rewarded for the alleged actions in this case because it was made and released prior to the allegations in this case. The video

2

also couldn't have been proposed to show the relationship with defendant Wilson as Mr. Wilson is not in the music video.  Therefore, since the Court has already made clear that the arguments made by the government are insufficient to admit a music video, the video portion should be summarily rejected by this Court.

**III.    THE GOVERNMENT HAS FALSELY REPRESENTED THE MEANING OF THE SONG/LYRICS**

As has been a repeated pattern in this case, the government seems to look at Mr. Banks' videos and lyrics and pick and choose how they want to portray the meaning, in this case, with substantial and material omissions to the Court. The government argues to the Court in their motion that the lyrics reference a "get back" for the killing of Dayvon Bennett, "defendant criticizes those who would continue living life, as if Von had not been killed, as opposed to seeking revenge." (Doc. 495 at 2-3). The government fails to mention in their filing that the majority of the song is actually about Mr. Banks' brother who was killed outside a club in Chicago just four months before the release of this video. Mr. Banks starts out the song with a lyric, "long live D-Thang," which is the moniker of his brother. The lyric that the government falsely attributes to revenge for King Von ("[y]ou a'int get back for your mans, you in the club like he a'int dead.")  is directly after the tribute to his brother and therefore is clearly Mr. Banks' artistic and emotional response to the killing of his brother. The next group of lyrics is a reference to how he was a victim of a home invasion also just several months before, ("n** ran inside my crib, but the Glock 10 was by the bed. I'll give my gun to India [Mr. Banks' wife] before I put it in your hand.") There is no argument that this event is relevant to the case at hand nor does the government even attempt to make one.

Mr. Banks then returns to talking about his brother, ("I lost bro, I can't be happy 'til we creep up on the score. I know n** act like they with it, but they bitches on the low. Why you n** postin' son-son? Why you n** postin' True? Why you act like you support us? If you do, hop in that coupe.") While the government mentions the name "True" in their motion, they fail to mention that "Son-Son" is a nickname given to his

brother's child because it doesn't fit their narrative. These purposeful omissions are deeply concerning.

Similar to the above, the government mentions that Mr. Banks is wearing a shirt that says, "long live Von." (Doc. 495 at 5) They fail to mention that those words are only visible for a split second in the song, because the top portion of the shirt that is visible for nearly the entirety of the song says, "long live D-Thang." He is also wearing a necklace that is a tribute to another friend that was killed. All of this is just an artistic "in-memoriam" to many people he has lost and not specific to anything relevant to this case. Assigning a specific meaning to the lyrics in the context of the whole song is, at best, confirmation bias, and at worst, intentionally misleading.

The government also makes mention that there is a "Von lookalike" in the video (Doc. 495 at 5, footnote 7) which is factually incorrect. The producer/director of the video took artistic liberties and spliced old footage of King Von into the video; it is not a lookalike. An easily dispelled inaccuracy such as this one just goes to show the uninformed flippancy in which the government views this evidence. The government fails to look past the surface and conduct any real investigation into evidence they seek to introduce into the trial of this case that carries very serious consequences.

Lastly, the government, yet again, fails to listen to the Court and assuage the concerns that it didn't give the Court foundational information about the song and or lyrics. In its Order, the Court noted, "there is virtually no evidence of the timing of when these lyrics were written or even recorded, because the Government only named the putative "premiere dates." (Doc.380 at 18). They do no better here.

## IV.    FRE 403 BALANCING

Mr. Banks making statements regarding guns, ski masks, settling scores and stolen cars are clearly prejudicial. The video imagery contains stacks of cash, jewelry, and men in ski masks making motions with their hands as if they were guns. They carry the risk of inflaming jury bias and prejudice with very little probative value to add to this case as stated above. This carries the very real danger that the jury will assign

undue and inappropriate weight to statements made nearly a year prior to the alleged incident. The best evidence of the likelihood of misperception is that the government is obviously confused as to what certain lyrics mean, if they can't straighten this out, neither can the jury be expected to do so.

## V.   CONCLUSION

The Court already told the government what they had to do regarding music and lyrics evidence, and they clearly made no such attempt. The recitation of facts in relationship to the lyrics was stretched and contained substantial misleading omissions. This music video will do nothing to better the jury's understanding of the facts of this case and will only cause confusion and bias. The Court should deny this motion.

Respectfully submitted,

Dated: August 7, 2026            BY:    /s/  *Marissa Goldberg*
                                        Drew Findling
                                        Marissa Goldberg
                                        Brian Steel
                                        Christy O'Connor

                                        *Attorneys for Durk Banks*

5