DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES,

            Plaintiff,

      v.

DURK BANKS,

            Defendant.

Case No. 2:24-cr-00621-MWF

**DEFENDANT DURK BANKS' REPONSE TO GOVERNMENT MOTION IN LIMINE NO. 3 TO EXCLUDE AND/OR LIMIT DEFENDANT BANKS' PROPOSED EXPERT TESTIMONY**

**Hearing Date/Time: August 13, 2026 at 10:00 a.m.**

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files this response to the government's motion in limine to exclude and/or limit Mr. Banks proposed expert testimony.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court deems appropriate.

Respectfully submitted,

Dated: August 8, 2026

BY:   /s/ *Marissa Goldberg*

Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

## I.    Introduction.

The government's motion should be denied because Mr. Banks proposed expert testimony is relevant, reliable, non-cumulative, and necessary to assist the jury in evaluating evidence the government itself has placed at the center of the case. The subjects of Mr. Banks proposed experts' testimonies are at the heart of his defense, including: 1) the true import of rap lyrics, 2) the structure and function of gangs, 3) "real beefs" versus "fake beefs" perpetuated for commercial advantage, 4) the function of song and music video "features," and 5) the lifespan of a song, from recording to release. These are not subject matters with which the average layperson is familiar. Each of Mr. Banks' proposed experts is qualified to assist in the jury's understanding.

## II.    Mr. Banks' Proposed Expert Testimony is Reliable, Will Assist the Jury at Trial Under FRE 702 and *Daubert*, and Survives 403 Scrutiny.

Under Federal Rule 702, the burden is on the proponents of expert testimony to meet the threshold requirement of relevance and reliability in accordance with the *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny. *See* Fed. R. Evid.  702. Accordingly, Mr. Banks must show that it is more likely than not that the proposed expert's specialized knowledge will assist the trier of fact, is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of those methods. *See* Fed. R. Evid. 702.

In determining whether expert testimony is admissible under Rule 702, "district courts must consider if: (1) the expert is qualified to give competent testimony about the matters he intends to address; (2) the methodology the expert employed to reach his conclusions is sufficiently reliable under Daubert ; and (3) the testimony will assist the trier of fact, through the application of scientific, technical, or other specialized expertise, to understand  the evidence or determine a fact in issue."

Here, On November 3, 2025, Mr. Banks provided adequate notice, in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C), of its intent to elicit expert testimony from the following expert witnesses: (1) Dr. Lance Williams; (2) Dr. Erik

Nielson; (3) Chantel Britt; (4) and Matthew Buser. In each disclosure, Mr. Banks sufficiently details the subject of the proposed testimony, provides the experts' relevant qualifications.

**1. Dr. Erik Nielson's Proposed Expert Testimony is not Cumulative to Dr. Lance William's Proposed Expert Testimony and both should be Admitted Under FRE 702 and 403**

Mr. Banks' rap lyrics are central to the government's case against him. The government has made clear that they insist on treating Mr. Banks' artistic expression as a legitimate confession, and have given notice to the defense of their intention to seek to introduce over a dozen of Mr. Banks songs (despite the court's prior order regarding lyrics and music videos). The government's argument to exclude Dr. Nielson is, in essence, a disagreement between their theory of the case and his prospective testimony. The government wants Mr. Banks lyrics to be biographical, while Dr. Nielson opines that his lyrics are, as is common within the industry based on Dr. Nielson's extensive knowledge and expertise, hyperbole and creative expression. The government is seeking to introduce a trove of rap lyrics and preclude any explanation inconsistent with their interpretation.

The distinction the government seeks to draw between "drill rap" and Dr. Nielson's expertise is entirely fictional. Dr. Nielson's CV demonstrates he has been certified as an expert and testified in criminal trials across the country, without regard for which specific sub-genre any particular artist is classified as online. "Drill rap" is a marketing term, a descriptor to help listeners distinguish between types of music by common characteristics, not some impregnable wall between types of music.

Importantly, here, per the Notice, and Dr. Erik Nielson's testimony is both reliable and relevant, as he is sufficiently skilled, trained, educated, and knowledgeable on the sociological and historical context regarding the creation of and performance of rap music, rap lyrics, and the customs, tropes, and terminologies specific to the genre. His

2

proposed testimony is based on specialized knowledge, decades of experience in his role as a Professor and Chair of the Department of Liberal Arts at the University of Richmond. His methodology is reliable and the application of his principles and methods are evidenced by his nationally recognized published works as detailed in the disclosure. Therefore, his testimony is reliable, relevant and should be admitted under Rule 702. His testimony also survives Rule 403 scrutiny as it is more probative than prejudicial.

Moreover, the testimony of Dr. Lance Williams is separate and distinct from the testimony of Dr. Erik Neilson. Dr. Lance Williams' proposed testimony is derived from his decadeslong experience teaching on the gangs in Chicago. He will primarily serve as a rebuttal witness to the government's proposed gang expert, Detective Kilroy. His testimony also serves an independent and relevant purpose to address the allegations of gang activity and the alleged connection between Chicago street gangs and OTF. Unlike Dr. Nielson, Dr. Willams' testimony will educate the jury on the gang structure (including the modern-day absence of hierarchical structure), identities and contemporary drill rap in Chicago. Dr. Williams has hands-on experience working as a gang interventionist for over 25 years in Chicago.

The government's argument regarding Dr. Nielson's testimony about whether "whether Defendant Banks and OTF had an actual feud with T.B. or…whether Defendant Banks used a 'fake beef' to commercialize his image", ECF 493 at 4, is not a "commonplace factual determination" as the government claims. There is simply nothing commonplace about this – the subject matter is not within the realm of common knowledge, the idea that a 'fake beef' would contribute commercially is certainly even less common, and frankly if it was obvious that a 'fake beef' was fake it would have no effective commercial value. Dr. Nielson knowledge and expertise in the field is uniquely situated to explain this to jurors and aid in their factual determinations.

3

### 2. The Proposed Expert Testimony of Matthew Buser is not Cumulative to Chantal Felice Britt's Proposed Testimony on Music Industry Norms, and is not Irrelevant and Misleading

The government's brief provides virtually no explanation as to what would be cumulative between Mr. Buser and Ms. Britt's testimony other than noting they are both music industry experts. Ms. Britt is in management – she is involved with the day-to-day operations of performers, their interactions with labels, venues, other artists, branding, and marketing. The government is seeking to introduce communications regarding performances, branding, social media posts, and music videos here which Ms. Britt would testify to the means, methods, and reasons behind, including communications seized from the electronic devices of Mr. Banks managers. She would be able to provide useful context and information regarding these communications which would be outside the scope of a non-industry professional's knowledge.

In contrast, Mr. Buser is an entertainment attorney and professor who is heavily involved in the transactional side of the business. He can testify as to the inside workings behind the marketing and creation of "features", of artists owning and operating their own labels, and the music distribution process as it progresses from initial recording to public release, which has been a point of gross misunderstanding by the government since the first indictment.

Discussions and testimony regarding features are not only pervasive throughout the discovery in this case, they are literally the backbone of the government's theory as to the murder for hire bounty element. Yet the government somehow claims that an expert testifying about features in the music industry "would not be helpful to any fact at issue in this trial". ECF 493 at 7.  If the government wishes to rely on the theory that Mr. Banks promised features on his songs as the quid-pro-quo in exchange for the murder of S.R., then the defense is entitled to rely on an expert to help educate the jury

4

as to the process of negotiating and recording features, their pecuniary value, and the decision making behind recording and including a feature.

Even assuming *arguendo* that there was some overlap between these witnesses, it would be minimal and properly addressed through an objection rather than blanket exclusion of either expert.

**3. The Parties Agree That the Court Should Exclude Testimony on the Use or Admissibility of Rap Lyrics in Unrelated Matters Under FRE 403.**

It is undisputed that matters outside the scope of this case are irrelevant, confusing and should be excluded under FRE 403. If the subject is raised or becomes relevant at trial, and the government disagrees, they are free to object.

**III.    A Defendant's Right to Present Expert Testimony to Rebut the Government's Case is Constitutional in Nature.**

In the Ninth Circuit, it is error for a district court to exclude a criminal defendant's expert witness when the exclusion improperly deprives the defendant of their constitutional right to present a defense. *See, e.g., United States v. Rahm*, 993 F.2d 1405 (9th Cir. 1993) (in counterfeit currency prosecution, reversible error to exclude expert testimony about defendant's psychological testing that could undermine government's theory of knowledge); *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010) (error to exclude expert testimony on the functioning of drug trafficking organizations that would have provided alternative explanation for government's evidence). Because a criminal defendant is constitutionally guaranteed a meaningful opportunity to present a complete defense, the erroneous exclusion of important defense evidence often rises to the level of a constitutional violation under the Fifth and Sixth Amendments. *See, e.g., United States v. Whitman*, 771 F.2d 1348, 1351 (9th Cir. 1985) (erroneous exclusion of evidence intended to refute prosecution's theory of motive was constitutional error); *United States v. Boulware*, 384 F.3d 794, 808 (9th Cir. 2004) (constitutional violation where

5

misapplication of hearsay rules resulted in exclusion of evidence that contradicted theory of prosecution).

## IV.    Conclusion.

For the foregoing reasons, the Court should permit Mr. Banks to present testimony from qualified experts that would assist the jury in understanding the facts of his case, and that is essential to his defense.

6