DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS,<br><br>Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' MOTION TO DISMISS COUNT TWO OF THE FOURTH SUPERSEDING INDICTMENT**<br><br>**Hearing Date: August 18, 2026 at 10:00 a.m.** |

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files the below motion to dismiss Count Two of the Fourth Superseding Indictment, filed on July 31, 2026 at docket entry 524. Count Two of that Indictment charges Mr. Banks with a violation of 18 U.S.C. § 371, conspiring to violate 18 U.S.C. 2261A(2)(A), (B).

This motion is based on Federal Rule of Criminal Procedure 12(b)(3)(B)(i) and (v), the below memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

The undersigned has met and conferred with government counsel, who oppose the instant motion, and who request that it be heard by the Court on Tuesday, August 18, 2026.

Respectfully submitted,

Dated: August 15, 2026

BY: /s/ *Christy O'Connor*
Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

## Memorandum of Points and Authorities

### I. Introduction.

Count Two of the Fourth Superseding Indictment should be dismissed, for two reasons. The first is that it fails to state an offense. Fed. R. Crim. Proc. 12(b)(3)(B)(v). Specifically, it fails to allege the mens rea necessary for a conspiracy to violate the stalking statute, 18 U.S.C. § 2261A-- namely, specific intent to harm a particular person. *United States v. Shrader*, 675 F.3d 300, 311 (4th Cir. 2012) (it is an element of the stalking statute to intend harm to a particular victim); *United States v. Feola*, 420 U.S. 671 (1975) (to be guilty of a conspiracy, a defendant must possess "at least the degree of criminal intent necessary for the substantive offense itself").

Second, Count Two should be dismissed because it is duplicitous, joining two or more offenses in the same indictment. Fed. R. Crim. Proc. 12(b)(3)(B)(i). The indictment alleges two individuals, T.B. and S.R., who were the objects of the alleged conduct.

### II. Procedural Background.

#### a. The Third Superseding Indictment.

Count Two, in its current iteration, first appeared in the Third Superseding Indictment, which was filed on June 3, 2026. Dkt. No. 423 at 12-22. That Count accuses Mr. Banks (and all defendants) of violating 18 U.S.C. § 371 by conspiring to violate 18 U.S.C. § 2261A(2)(A), (B). It alleges that the "OBJECT OF THE CONSPIRACY" was the following:

> Beginning on a date unknown, but no later than on or around November 6, 2020, and continuing to at least in or around August 2023 . . . [the defendants] conspired and agreed with each other to, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injury, harass, and intimidate *another person*, use facilities of interstate and foreign commerce to engage in a course of conduct that would place such person in reasonable fear of death and serious bodily injury, and would cause, attempt to cause, and would be reasonably expected to cause substantial emotional distress to that person . . .

Dkt. No. 423 at 12 (emphasis added). The Indictment goes on to allege in some detail the means by which the object of the conspiracy was to be accomplished, *id.* at 12-14, and overt acts in furtherance of the conspiracy, *id.* at 14-22.

The Third Superseding also included, as Count Three, a substantive stalking charge. This Count alleged that more than two individuals, including two who were alleged by name (T.B. and S.R.), were the intended object of the stalking. *See* Dkt. No. 423 at 23 (alleging specific intent vis-à-vis "T.B. and others inside of T.B.'s vehicle including S.R. (the 'Victims'))." Dkt. No. 423 at 23.

**b. The Fourth Superseding Indictment.**

The Fourth Superseding Indictment was filed on July 31, 2026. Dkt. No. 524. According to the government's accompanying notice, it was filed "to address a potential duplicity issue in Count 3 of the TSI." Dkt. No. 515. The notice explains:

> As the government was preparing its pretrial filings, including proposed jury instructions, it determined that Count 3 as alleged in the TSI --- the substantive 18 U.S.C. § 2261A(2)(A), (B) count --- potentially presented a duplicity issue given that multiple victims were alleged in the same count. See, e.g., United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (holding that the victim is the unit of prosecution for a violation of 18 U.S.C. § 2261A92); United States v. Conlan, 786 F.3d 380, 387 (5th Cir. 2015) (same); United States v. Mattia, No. CR-20-664-1-PHX-GMS, 2021 WL 2012698, at *1-2 (D. Ariz. May 20, 2021) (finding stalking charge duplicitous and ordering government to proceed as to only one victim).

*Id.* The notice explains that in order to "cure[] any such issue," the Fourth Superseding separates the substantive stalking count into two separate counts: one aimed at T.B., and one aimed at S.R. *Id.*

Count Two, however, remained the same from the Third Superseding to the Fourth Superseding. In particular, the "Object of the Conspiracy" section does not name a particular individual who was the object of the defendants' intent. It only says that the

defendants conspired with the intent to take action against "another person." Dkt. No. 524 at 12.

## III. Legal Framework and Argument.

### a. Timing of the Motion.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure outlines the pretrial motions that must be made before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Among them are a motion alleging that two or more offenses have been joined in the same count (duplicity), and a motion for failure to state an offense. Fed. R. Crim. Proc. 12(b)(3)(B)(i), (v). The Rule permits a Court to set a deadline for the filing of such motions: "The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial." Fed. R. Crim. Proc. 12(b)(4).

In this case, the Court set a pretrial motions deadlines that were keyed to previous trial dates, and hearings on those motions were held in February of 2026. *E.g.*, Dkt. Nos. 377, 384. However, the count that is the subject of this motion was first filed in the Third Superseding Indictment, on June 3, 2026, well after the pretrial motions deadline passed. Mr. Banks files the instant motion approximately six weeks after the Third Superseding motion was filed, and before trial in this matter. This motion is either timely, or the timeliness should be excused for good cause.

### b. Count Two Fails to State an Offense.

Count Two fails to state an offense. A conspiracy to commit a substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself. *Feola*, 420 U.S. at 67; *United States v. Dahlstrom*, 713 F.2d 1423, 1429 (9th Cir. 1983); *United States v. Melchor-Lopez*, 627 F.2d 886 (9th Cir. 1980). It is an

element of 18 U.S.C. § 2261A, the stalking statute, that a defendant intends to harm[1] a particular person. *Shrader*, 675 F.3d at 311; *Conlan*, 786 F.3d at 387 (the statute unambiguously requires that "the defendant act with intent towards a particular 'person' . . ."). Therefore, it is an essential element of a conspiracy to commit stalking under § 2261A that the defendant intends to harm a particular person.

The Fourth Superseding fails to allege that Mr. Banks had the intent to harm a particular victim. It therefore fails to state an offense.

**c. Count Two is Duplicitous.**

An indictment is considered duplicitous when a single count joins two or more distinct and separate offenses. *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013). The prohibition against duplicity is intended to safeguard fundamental constitutional protections, including a defendant's Sixth Amendment right to be informed of the nature of the charges and Fifth Amendment protections against double jeopardy. *See United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976). A general verdict of guilty on a duplicitous count can breach the defendant's Sixth Amendment rights because a jury could find the defendant guilty without reaching a unanimous consensus on the commission of any single, particular offense. *United States v. Renteria*, 557 F.3d 1003, 1007-08 (9th Cir. 2009). Such a guilty verdict would prejudice a defendant's ability to assert a double jeopardy defense in subsequent prosecutions. *UCO Oil*, 546 F.2d at 835. And it creates prejudice during sentencing and when seeking appellate review. *United States v. Bradford*, 148 F.4th 699, 705 (9th Cir. 2025).

Focusing now on Count Two's actus reus and not its mens rea, the charge suffers from the same duplicity problem that caused the government to file the Fourth Superseding Indictment. That is, it describes an alleged course of conduct directed at

---

[1] The specific intent to harm the statute requires is the intent to "kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate." 18 U.S.C. § 2261A(1). For purposes of this motion, it is important that the intent be directed at a specific person.

more than one person. *E.g.*, Dkt. No. 524 at 19-21 (describing both T.B. and S.R.). Indeed, the government's proposed jury instruction on Count Two names no alleged victim at all. Dkt. No. 566 at 14. This creates a danger that a jury could find a defendant guilty without reaching a unanimous consensus on the commission of any single, particular offense. In other words, a jury could convict if some jurors could believe that the defendants stalked T.B., and some could believe that they stalked S.R.

**IV. Conclusion.**

For the reasons set forth above, Mr. Banks respectfully requests that the Court dismiss Count Two of the Fourth Superseding Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(i) and (v).