DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES,

Plaintiff,

v.

DURK BANKS,

Defendant.

Case No. 2:24-cr-00621-MWF

**DEFENDANT DURK BANKS' BRIEF REGARDING HIS RIGHT TO CROSS-EXAMINE LAW ENFORCEMENT OFFICERS AND COOPERATORS**

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files the following memorandum in support of Mr. Banks' right to cross-examine witnesses-- namely, government agents and the cooperators they have interviewed-- using out-of-court statements for non-hearsay purposes. Those purposes include undermining the strength of the government's investigation, and revealing cooperator bias in favor of law enforcement.

This motion is based on the Fifth and Sixth Amendments to the United States Constitution, on Federal Rules of Evidence 801 and 802, and upon the authority described below.

Respectfully submitted,

Dated: August 25, 2026

BY: /s/ *Christy O'Connor*

Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

**Memorandum of Points and Authorities**

This brief seeks to address two issues. The first is Mr. Banks' right, as affirmed by both the Ninth Circuit and the Supreme Court, to cross-examine law enforcement witnesses about the shortcomings of their investigations, including by eliciting out-of-court statements for non-hearsay purposes. This right encompasses questions probing whether the witnesses did enough to verify the soundness of the evidence against Mr. Banks and whether they failed to follow up on potential leads. *United States v. Sager*, 227 F.3d 1138 (9th Cir. 2000) (citing *Kyles v. Whitley*, 514 U.S. 419 (1995)). The issue presented itself for the first time today during the cross-examination of Detective Carias, when the Court prevented defense counsel from asking the Detective whether he followed up on an obvious lie told by Mr. Hester during an interview.[1] But it promises to resurface throughout this trial.

The second issue is anticipatory, and addresses Mr. Banks' right, on cross-examination of a cooperator, to elicit an agent's questions or statements to that cooperator that caused the cooperator to implicate Mr. Banks. In other words, to elicit an officer's out-of-court statements for the non-hearsay purpose of showing their effect on the cooperator. Mr. Banks raises this in an effort to streamline trial and prevent needless objections during cross.

## I. A Criminal Defendant is Entitled to Challenge the Quality and Details of the Government's Investigation Through Cross-Examination of Law Enforcement Officers.

In *Sager*, the Court of Appeals held that it was plain error and an abuse of discretion for a trial court to "curtail as irrelevant" cross-examination into the details of the investigatory process that led to the defendant's charges. 227 F.3d at 1145. In that case, defense counsel asked the agent/witness whether he had looked into the veracity

[1] The Court sustained the government's objection to this line of questioning because Mr. Hester had not yet testified. But whether Mr. Hester has testified is irrelevant to whether Detective Carias was remiss for failing to spot or investigate his apparent lies during past law enforcement interviews.

of the defendant's out-of-court explanation for his presence in the area of the crime. *Id.* at 1133. The Court interrupted, preventing the witness from answering, and then sustained the prosecutor's relevance and hearsay objections. Defense counsel failed to object to the ruling at the time. On appeal, the Ninth Circuit found the error to be plain. It reasoned: "Details of the investigatory process potentially affected [the witness'] credibility and, perhaps more importantly, the weight to be given to the evidence produced by his investigation." *Id.* at 1145-46. For the jury to be tasked with assessing the product of an investigation without being permitted to "analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information." *Id.* at 1145. The Ninth Circuit cited the Supreme Court's *Kyles v. Whitley* decision for the proposition that "when . . . the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it." *Id.* (citing 514 U.S. at 446 n.15; *id.* at 445-49). *Cf. Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir. 1997); *United States v. Hannah*, 55 F.3d 1456, 1460 (9th Cir. 1995). *See also Davis v. Alaska*, 415 U.S. 315 (1974) (cross-examination into a witness' potential bias is protected by the Sixth Amendment).

It is a central theme of Mr. Banks' defense that the government, including its officers and agents, failed to adequately probe the veracity of its cooperators. Simply put, because law enforcement decided that it wanted to charge Mr. Banks, it ignored glaring problems in the accounts of those who pointed the finger at him. This is Mr. Banks' theory, which he has a right to present to the jury. Mr. Banks also has the right to cross-examine law enforcement witnesses in order to undermine their credibility as investigators and witnesses, and to show their bias. The Court might disbelieve that law enforcement's investigation was inadequate, or that law enforcement witnesses conducted their investigation with tunnel vision, but the Mr. Banks is constitutionally entitled to mount his defense. *See Davis*, 415 U.S. at 318 ("We cannot speculate as to

whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [the witness'] testimony . . .").

## II. Law Enforcement Statements to Cooperators in Order to Induce Cooperation are Non-Hearsay and Properly the Subject of Cross-Examination.

A related central theme of Mr. Banks' defense is that the cooperators are lying about Mr. Banks' involvement in these crimes because they are desperate to reduce their own sentences. Law enforcement officers caused them to implicate Mr. Banks by subtly (and sometimes not-so-subtly) suggesting they do so, and by reminding them that they face mandatory life sentences upon conviction.

As outlined above, the right to cross-examine a witness about his bias-- that is, the facts in existence that would cause a witness, consciously or unconsciously, to slant his testimony-- is enshrined in the Constitution. *Davis*, 415 U.S. 315. Further, an out-of-court statement admitted not for its truth, but to show its effect on the listener is not barred by the hearsay rule. *See United States v. Kenney*, 911 F.2d 315, 319 (9th Cir. 1990) (prosecutor's statements regarding what he said to a witness' attorney about immunity were admissible to show witness' knowledge of potential benefits and therefore, the witness' motive (or lack thereof) to lie to gain points with the prosecutor); *United States v. Rogers*, 321 F.3d 1226, 1229-30 (9th Cir. 2003) (document admitted for the purpose of showing that once the recipient received a copy, he was aware of its contents, is not barred by the rule against hearsay); *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423 (9th Cir. 1976) (letters admitted for the limited purpose of proving that the recipient had received the information were not hearsay).

**III. Conclusion.**

For the foregoing reasons, Mr. Banks respectfully requests that the Court permit defense counsel to cross-examine the following witnesses on the following topics: 1) law enforcement witnesses about their failure to adequately investigate potential exculpatory evidence, including cooperator falsehoods; and 2) cooperators themselves about the out-of-court statements that induced their cooperation against Mr. Banks.