DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa@findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES,

Plaintiff,

v.

DURK BANKS,

Defendant.

Case No. 2:24-cr-00621-MWF

**DEFENDANT DURK BANKS' BRIEF REGARDING HIS RIGHT TO CROSS-EXAMINE COOPERATING WITNESS REGARDING LIE UNDER OATH**

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files the following memorandum in support of Mr. Banks' right to cross-examine Mr. Hester regarding a lie he told under oath.

This motion is based on the Fifth and Sixth Amendments to the United States Constitution and upon the authority described below.

Respectfully submitted,

Dated: August 27, 2026

BY: /s/ *Christy O'Connor*

Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*

**Memorandum of Points and Authorities**

On direct examination of cooperating witness Kacey Hester--a "star witness" for the government-- the government elicited a lie. That lie was that reason that Mr. Hester engaged in serial armed robberies was that he needed to support his family. The defense has a good faith reason to believe that is not true. On cross-examination, the defense attempted to cross-examine Mr. Hester in order to show that the statement was untrue. The Court precluded the line of questioning under Federal Rule of Evidence 403, and because it was a collateral matter.

In *Slovik v. Yates*, 545 F.3d 1182 (9th Cir. 2008), the Court considered a near-identical question. There, the witness testified that he was not on probation, a lie. When the defense attempted to cross-examine the witness and show the falsity of that statement, the Court precluded the line of questioning on the grounds that the inquiry was "too time consuming." *Id.* at 1184.

The Ninth Circuit found that the trial court's ruling violated the Confrontation Clause. Citing *Davis v. Alaska*, the Court held that the defendant's "Sixth Amendment right to be confronted with the witnesses against him was violated because a reasonable jury might have received a 'significantly different impression' of [the witness]'s credibility had Slovik been permitted to confront [the witness] with the record of probation and cross-examine him concerning his apparent lie under oath." *Id.* at 1186 (citing *Davis*, 415 U.S. 308, 318 (1974)).

The same is true here. As the Supreme Court recently reminded us in *Glossip v. Oklahoma*, especially when a defendant's guilt rests heavily on the credibility of a witness, "a lie is a lie, no matter what its subject." 604 U.S. 626 (2025) (citing *Napue v. Illinois*, 360 U.S. 264 (1959).