# EXHIBIT A

Outlook

## Pinkerton

**From** Christy OConnor <christy@christyoconnorlaw.com>
**Date** Fri 9/4/2026 6:31 AM
**To** MWFChambers <mwf_chambers@cacd.uscourts.gov>
**Cc** Tillet Mills <tillet@tilletjmills.com>; Craig Harbaugh <craig@harbaugh.law>; The Steel Law Firm P.C. Firm PC <thesteellawfirm@msn.com>; Drew Findling <drew@findlinglawfirm.com>; Marissa Goldberg <marissa@findlinglawfirm.com>; Rachel Abdan <rachel@findlinglawfirm.com>; Annie Bly <annie.bly@thesteellawfirm.com>; Morse, Michael (USACAC) <michael.morse@usdoj.gov>; Yanniello, Ian (USACAC) <ian.yanniello@usdoj.gov>; Weiner, Daniel (USACAC) <daniel.weiner@usdoj.gov>

1 attachment (11 KB)
Lindsey INSTRUCTION 51 - Alternative Proposal, separate Pinkerton instructions 51-A and 51-B (9.4.26).docx;

Hello,

In advance of this morning's hearing, I wanted to attach a proposed revised Pinkerton instruction drafted by Mr. Mills. As he correctly has pointed out, if one Pinkerton instruction is given for both the stalking and murder-for-hire conspiracies, it creates a danger of creating a sort of Pinkerton liability cross-over between charges. A jury could find that a defendant joined the stalking conspiracy, for example, but find guilt as to murder-for-hire based on a Pinkerton liability, which would be improper. I believe that the commentary to the model rules endorses this approach. It says, "This instruction was found adequate in a case in which three separate conspiracies were charged. *See United States v. Moran*, 493 F.3d 1002, 1009-10 (9th Cir. 2007). However, given the potential for ambiguity where more than one conspiracy is charged, the court should consider giving separate Pinkerton instructions for each conspiracy charged."

Thank you.

Christy O'Connor
The Law Office of Christy O'Connor
360 E. 2nd St., Ste. 800
Los Angeles, CA 90012
(323) 716-5959
www.christyoconnorlaw.com