BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br><u>OPPOSITION TO DEFENDANT DURK BANKS' RENEWEL OF HIS REQUEST REGARDNG RULE 106 IN LIGHT OF THE GOVERNMENT'S REBUTTAL ARGUMENT</u> |

Plaintiff United States of America, by and through its counsel of record, hereby files its opposition to defendant Durk Banks' renewed Rule 106 request.

//

//

This opposition is based on the attached memorandum, the facts and records in this case, and any further evidence and argument the Court may permit.

Dated: September 9, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should deny defendant Durk Banks' renewed request to introduce additional portions of his interview with a podcaster.

As a threshold matter, the government's rebuttal argument regarding Exhibit 169 was in no way improper or misleading. The government made reasonable, fair, and wholly proper inferences from the admitted video exhibit, commenting on defendant Banks' and the podcaster's demeanor, conduct, and statements. Such argument was entirely consistent with the video itself and the Court's reasoning in admitting the exhibit.

Second, defendant's untimely motion to reopen should be denied. A court may refuse to permit a defendant to reopen his case and to present additional evidence where the evidence is inadmissible, where there is insufficient reason for the defendant's failure to offer evidence at the proper time, or if granting of the motion would be disruptive. United States v. Ramirez, 608 F.2d 1261, 1267 (9th Cir. 1979); United States v. Mirenda, 443 F.2d 1351, 1356 (9th Cir. 1971) (denying reopening when evidence is inadmissible anyway); (denying reopening when evidence is inadmissible anyway); United States v. Orozco, 764 F.3d 997, 1002 (9th Cir. 2014) (denying reopening to allow defendant to testify where, among other things, defendant "failed to offer any excuse for his late request to testify, let alone a reasonable one").

Here, defendant Banks provides no basis for making his request the day following closing arguments, well after the jury began its deliberations. Indeed, defendant made his objection during the government's rebuttal, did not orally follow up after the

government's rebuttal, and waited nearly five hours into the jury's deliberation to renew their objection.

As to the underlying merits of defendant's Rule 106 objection, the request should be denied (again, and for the same reasoning as before and under the Court's evidentiary discretion). Rule 106 provides for the admission of additional portions of a defendant's statement when the prosecution offers a redacted version that "distorts the meaning of the statement," "excludes information substantially exculpatory of the declarant," or "excludes portions of a statement that are ... explanatory of [or] relevant to the admitted passages." United States v. Lopez, 4 F.4th 706, 715 (9th Cir. 2021).

In Exhibit 169, the podcaster asks defendant Banks whether he "still get[s] triggered by the slide for Von comments." Rather than addressing the question, defendant Banks says, "for some reason, I just don't see them comments no more . . . for some odd reason. I don't know. It might be the water." Defendant Banks then asks a question of his own: "You be seein' them comments a lot?" The podcaster replies, "they kinda chilled out." Defendant Banks responds, "I wonder why. We here though. We different in the 'Raq."[1] Thus, defendant Banks never addressed the interviewer's question (i.e., whether Banks was still "triggered" by the "slide for Von" comments).

In defendant Banks' proposed Rule 106 statement, however, defendant discusses whether he is bothered by rapper "6ix9ine," and the "slide for Von" movement generally. Specifically, defendant

---

[1] As the Court is aware, the "Raq" refers to "Chiraq," a reference to the level of violence in South Chicago. In this case, defendant is alleged to have flown out five co-conspirators from Chicago to murder his rival, Quando Rondo.

Banks says "I just don't take [6ix9ine] serious." Defendant then goes on to describe the "slide for Von" comments as "clickbait" from internet "trolls" who "want to talk shit," to "sell records" and make "a name" to "stay poppin'." Finally, he indicates that he tries "to stay out the way," and turn "the hate into love."

The two statements (Exhibit 169 and defendant Banks' proposed excerpt) are disconnected, address different topics, and do not fall within the scope of Rule 106. The Court was well within its discretion to deny defendant's request to admit the additional excerpt.

Moreover, to the extent defendant is embracing the podcaster's recent statement that defendant's statements contained in Exhibit 169 were "scripted" (Dkt. 656 n.1), defendant would have known of such a purported script and if true, could have presented it to the jury during trial (and chose not to). And to the extent defendant Banks is suggesting that he would have argued that his "scripted" comments would somehow be exculpatory, the government would have made the same argument that it did regarding the "scripted" Redman music video showing defendant Banks execute a Quando Rondo look-a-like --- scripted or not, defendant Banks' own words and conduct demonstrate his motive, intent, state of mind, and consciousness of guilt.